20551.  McPHAIL *et al. v.* BARNHILL.

DECIDED JANUARY 16, 1931.

*Parks & Garrett, Harry D. Reed,* for plaintiffs in error.
*Little & Dickerson, E. C. Lockliear,* contra.

JENKINS, P. J.  McPhail, a resident of the State of Alabama, died intestate in that State.  Barnhill, a creditor, filed a petition for the appointment of an administrator in the court of ordinary of Clinch county, Georgia, stating therein that the intestate owned certain property in that county.  Subsequently, and before the hearing of the petition in Clinch county, upon the application of the widow of McPhail, who set forth in her petition that the intestate owned certain property in Ware county, the ordinary of Ware county appointed a temporary administrator upon the estate of McPhail, the temporary administrator qualified, and temporary letters of administration were issued to him.  Thereafter the widow of McPhail, his daughter, and the temporary administrator appointed in Ware county filed a caveat to the petition for administration in Clinch county, setting forth the appointment and qualification of such temporary administrator, and setting forth, as an additional ground of caveat, that the estate of the intestate owned no property in Clinch county, for the reason that certain turpentine leases owned by the intestate at the time of his death had been sold by the Alabama administrator.  The ordinary of Clinch county found against the caveat, and an appeal was taken to the superior court, where the case was submitted to the court, without the intervention

of a jury, upon an agreed statement of facts. From the stipulation it appears that the administrator who had qualified in Alabama never filed in Georgia any authenticated exemplification of his foreign letters of administration, or undertook to comply with the provision of the laws of Georgia regarding sales of realty by a foreign administrator. The judge of the superior court, on the agreed statement of facts, sustained the application for administration in Clinch county, finding against the caveat, and ordered letters of administration issued to an administrator by the ordinary of Clinch county. To this judgment exception was taken.

If the appointment by the ordinary of Ware county of a temporary administrator upon the estate of the deceased nonresident was sufficient to vest exclusive jurisdiction of the estate in the court of ordinary of that county, it is unnecessary to determine whether the Alabama administrator's previous sale or attempted sale of the assets of the estate held in Clinch county was valid or invalid.

It is provided by the Civil Code (1910), § 4792, that "the ordinary can grant administration upon no person's estate who was not a resident of the county where the application is made at the time of his death, or, being a non-resident of the State, has property in said county, or a bona fide cause of action against some person therein." Thus, the jurisdiction of the ordinary of any county of this State to appoint an administrator upon the estate of any deceased nonresident is made to depend solely upon the ownership of property within the county, or the existence of a bona fide cause of action in favor of the deceased nonresident against some person residing in the county. There seems to be no contention in the instant case that the ordinary of Ware county was without jurisdiction to appoint an administrator by reason of there being no property in that county or bona fide cause of action against some person residing therein, and no stipulation with regard thereto was entered into. In the absence of any proof to the contrary, it must be assumed that the facts necessary to confer upon the ordinary of Ware county jurisdiction to appoint an administrator existed. *Trulock* v. *Peeples*, 1 *Ga.* 1. The necessity and propriety of the appointment of a temporary administrator by the ordinary of Ware county must likewise be assumed, since there is no proof to the contrary. Such temporary administrator was required to give bond and was authorized to collect and take care of the effects of the

deceased, and to sue for the collection of debts or personal property of the intestate. Civil Code (1910), §§ 3935, 3937. He was, pending and until the appointment of a permanent administrator, the legal representative of the deceased intestate.

An estate may not be administered in two counties. It must be administered in the county in which the deceased resided at the time of his death, if he was a resident of the State. If a nonresident of this State, "when such nonresident deceased persons have such property or cause of action in more than one county, such letters may be granted in either county, and the ordinary first granting them acquires exclusive jurisdiction." Civil Code (1910), § 4793. If the rule were otherwise, there might be an administrator in as many different counties as the deceased nonresident had property in, or bona fide causes of action. But does the appointment of a temporary administrator and the granting of temporary letters of administration operate to confer exclusive jurisdiction over the estate upon the ordinary first granting them? We think it does. There is nothing in the code section just quoted to require the granting of permanent letters of administration as a prerequisite to the acquisition of exclusive jurisdiction by the ordinary. He acquires jurisdiction to appoint an administrator by reason of the intestate having property in his county. Once he exercises that jurisdiction, it becomes exclusive, and the situs of the administration may not thereafter be removed to another county. The appointment of a temporary administrator is certainly an exercise on the part of the ordinary of the jurisdiction of his court, and we think that once he has exercised jurisdiction by such an appointment his jurisdiction over the estate becomes exclusive. It could not reasonably be said that the ordinary of Ware county, in the instant case, was unauthorized to appoint a temporary administrator. All the facts essential to his authority to do so were present: the estate owned property in his county, it was unrepresented, and the appointment of a temporary administrator was necessary. The pendency of the application for permanent administration in Clinch county, even if he must have taken notice thereof,—and it appears to have been known to the applicant in Ware county,—would not deprive him of jurisdiction, because the mere filing of the application in Clinch county did not amount, under the code section quoted, to an exercise by the ordinary of that

county of jurisdiction over the estate. Since he was authorized to appoint a temporary administrator and acquired jurisdiction over the estate by so doing prior to any appointment in Clinch county, it must be held that the ordinary of Ware county acquired exclusive jurisdiction of the estate. To hold otherwise would be to hold that there could exist in different counties two administrators of one estate, each answerable to a different court. Such a possibility the statute plainly does not contemplate. Accordingly, the court erred in not sustaining the caveat. See, in this connection, *Arnold* v. *Arnold, 62 Ga.* 627, 637.

      *Judgment reversed. Stephens and Bell, JJ., concur.*