Ismael Nicolas Leon **MARCANO**

v.

**OFFSHORE VENEZUELA, C.A. and The Offshore Company.**

Ismael Nicolas Leon **MARCANO**

v.

**ASHLAND CHEMICAL, INC. and Ashland Oil, Inc.**

**Civ. A. Nos. 79–1072, 79–1073.**

United States District Court, E. D. Louisiana.

July 18, 1980.

**206**

Marvin I. Barish, Philadelphia, Pa., Judith A. Gainsburgh, New Orleans, La., for Ester Maria Para de Leon, movant.

Joel Borrello, New Orleans, La., for Venezuela, C.A. and The Offshore Co.

J. Michael Johnson, New Orleans, La., for Ashland Oil, Inc. and Ashland Chemical, Inc.

ROBERT F. COLLINS, District Judge.

The above captioned matters came on for hearing on June 4, 1980 on motion of Ester Maria Para de Leon for Substitution as Named Plaintiff, pursuant to Fed.R.Civ.P. 25(a)(1).

WHEREFORE, after consideration of the arguments of counsel, the submitted memoranda, and the applicable law, the Court hereby DENIES the motion.

REASONS

Ismael Nicolas Leon Marcano filed two suits arising from alleged personal injuries he suffered on or about May 24, 1978. Mr. Marcano brought an action for damages under the Jones Act and for unseaworthiness against Offshore Venezuela, C.A. and The Offshore Company (hereinafter jointly referred to as Offshore). Mr. Marcano alleged that he was a member of the crew of the vessel OV–1, owned and operated by the defendants Offshore. The vessel was operating off the coast of Venezuela.

While in the course and scope of his employment as an electrician, Mr. Marcano received serious injuries to his back, head, neck, limbs and eyes resulting in blindness. Apparently, Mr. Marcano's injuries were caused by a chemical solvent, I.I.I. TRI-CHLOROETHANE. Mr. Marcano filed another suit against the manufacturers of the chemical, Ashland Chemical, Inc. and Ashland Oil, Inc. (hereinafter jointly referred to as Ashland), in diversity based upon the theories of negligence and product liability. These suits have been consolidated in the interest of judicial economy.

On September 9, 1979, Ismael Nicolas Leon Marcano died and a *Suggestion of Death Upon the Record Under Rule 25(a)(1)* was filed into the record on October 23, 1979 by defendants, Ashland. On December 6, 1979, Ester Maria Para de Leon filed a motion to be substituted as named plaintiff, pursuant to Fed.R.Civ.P. 25(a). Both Offshore and Ashland filed memoranda in opposition to Ms. de Leon's motion to substitute. At the request of Ms. de Leon, hearing on this motion was continued several times in order to give her "additional time to prepare for said motion." The motion was finally heard on June 4, 1980.

Fed.R.Civ.P. 25(a)(1) provides in pertinent part that:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . .

This rule sets forth the procedural method by which the original action may proceed if the right of action in fact survives in favor of the party sought to be substituted. It is clear from the language of the rule that a *proper party* may be substituted only if the claim *is not thereby extinguished.* The threshold issue in this case is whether Ms. de Leon is the proper party to be substituted.

In *Mallonee v. Fahey*, 200 F.2d 918 (9th Cir. 1952), *(Mallonee)*, Justice Douglas, as Circuit Justice, construed the language of Fed.R.Civ.P. 25(a)(1) narrowly to be limited to provide for the substitution of *legal representatives* of the deceased party: "It is plain, I think, that Rule 25(a)(1) applies only to substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and the cases construing it." *Mallonee,* 200 F.2d at 919 (footnotes omitted). In *Boggs v. Dravo Corporation*, 532 F.2d 897 (3rd Cir. 1976), the court held that even the most liberal construction of the Rule would not permit substitution of a party's attorney who did not have status as a legal representative of the decedent's estate.

 In the instant case, Ms. de Leon must prove that she is the proper party to be substituted by a showing that she holds the status as a legal representative of the decedent's estate. Ms. de Leon has attempted to do this by alleging that she is the wife of the decedent and further alleging that she, as wife of the decedent "automatically became the legal administratrix of the estate of the decedent at his death, and that formal issuance of Letters of Administration are not required under Venezuelan law." However, this Court finds that Ms. de Leon's allegations are unsupported by the exhibits submitted or the law cited.

 Ms. de Leon has submitted Exhibit C, which purports to be a certificate of the matrimony of Ismael Nicolas Leon Marcano and herself on December 19, 1978.[1] Ms. de Leon contends that this marriage certificate is all that she needs to become the legal representative of the decedent. Assuming *arguendo* that the marriage certificate is valid, the Court cannot accept Ms. de Leon's contention that she does not need any formal issuance of Letters of Administration in order to qualify as the proper party under Fed.R.Civ.P. 25(a)(1). Implicit in her argument is the assumption that Venezuelan law determines what is necessary to become a legal representative, thereby qualifying as the proper party under the Rule. In order to become a proper party under the Rule, one must follow the procedure recognized by federal law. The Court has not found any cases discussing the procedure of how one becomes legal representative under Fed.R.Civ.P. 25(a)(1). A thorough review of analogous federal statutes which give to the "personal representative" the right to pursue a wrongful death action, *see* the Jones Act, 46 U.S.C. § 688, and the Federal Employer Liability Act, 45 U.S.C. § 51, the Court has discerned the proper procedure. As a matter of federal law, this Court holds that the procedure for becoming a proper party under Fed.R.Civ.P. 25(a)(1) "requires some designation by a *court* that the individual seeking to prosecute the wrongful death action is an administrator of the decedent's estate." *Complaint of Cosmopolitan Ship Co., S.A.,* 435 F.Supp. 265, 266 (S.D.N.Y.1978) (interpreting the requirement that suits for wrongful death under the Jones Act, 46 U.S.C. § 688, be brought by the "personal representative"). (Emphasis in original.) *See also Briggs v. Pennsylvania R. Co.,* 153 F.2d 841 (2nd Cir. 1946) (similarly interpreting the requirement that suits for wrongful death under the Federal Employer Liability Act,

---

**1.** The Court notes that "the Prefect" certified their document as a "true and faithful copy" and dated in January 7, 1978; this date makes it almost a year before the marriage took place. There is an obvious error here.

45 U.S.C. § 51, require that the "personal representative" receive some authority from a state).

■ In *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732 (5th Cir. 1978), the court in a wrongful death action brought under the Jones Act, 46 U.S.C. § 688, and general maritime law, strictly interpreted the requirement that the action be maintained by the personal representative. The court held that decedent's father, whose appointment as administrator of the seaman's estate had been revoked before the case came to trial, did not have the procedural capacity to bring the action.[2]

■ Similarly, Fed.R.Civ.P. 25(a)(1) involves the procedural capacity to sue; therefore, a person seeking to be substituted under the Rule must strictly comply with the requirement relating to becoming "a proper party." In the instant case, Ms. de Leon has not satisfied this Court that she is the legal representative of the decedent. Ms. de Leon's contention that Venezuelan law permits her to become the administratrix of decedent's estate without obtaining some judicial designation is rejected. As support for her position, Ms. de Leon has submitted uncertified and unauthenticated copies of several Venezuelan statutes and their English translation. The statutes Ms. de Leon has submitted are at the very least confusing. The Court does not read those statutes as providing adequate support for her position. The Court's difficulty in determining whether Venezuelan law automatically makes Ms. de Leon the decedent's legal representative underscores the requirement that Ms. de Leon obtain some designation by a court that she is an administrator of the decedent's estate. Ms. de Leon has not taken the necessary steps to show that she is a proper party under Fed. R.Civ.P. 25(a)(1).

■ Furthermore, Ms. de Leon has not met her burden of proving that the decedent's claims against Ashland were not extinguished upon his death as required by Fed.R.Civ.P. 25(a)(1).[3] Although Ms. de Leon has cited Venezuelan law in support of her position that she has capacity to sue, she relies on Louisiana law, LSA–C.C.P. art. 428, to establish that her claims against Ashland are not extinguished. The Court notes that the issue of whether a claim is extinguished is a substantive one to be determined by the law of the appropriate state. Wright & Miller, Federal Practice and Procedure: Civil § 1954.

■ In the instant case, Ms. de Leon has erroneously assumed that Louisiana law is applicable to her claims against Ashland. Plaintiff's cause of action arises under diversity jurisdiction, 28 U.S.C. § 1332, and under *Klaxon v. Stentor Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). This Court must apply the conflict of laws of the forum state. The conflict of laws of Louisiana rests on an interest analysis and Restatement, Second, Conflict of Laws, § 6 (1969).

■ Weighing the facts, Louisiana applies the law of the state with the dominant interest or policy to be upheld. *Jagers v. Royal Indemnity Co.*, 276 So.2d 309 (La. 1973). The facts of this case indicate that an accident occurred in Venezuela involving a Venezuelan national and corporations which are citizens of states other than Louisiana. Louisiana's only interest in the present suit is that it happens to be the forum state. No interest of Louisiana would be served by applying its wrongful death statute to a foreign national concerning an accident which occurred abroad. Thus, the Court holds that Louisiana law does not govern this cause of action against Ashland. Ms. de Leon has not cited a law of Venezuela or any other jurisdiction

---

2. The Court notes that decedent's claim against Offshore is based on the Jones Act and general maritime law; however, Ms. de Leon has failed to fulfill the requirements of becoming the "personal representative." This requirement cannot be circumvented by proceeding under Fed.R.Civ.P. 25(a)(1). Indeed, this Court holds

that the same requirements must apply notwithstanding the procedural context.

3. The claims against Offshore are not extinguished since they are based on the Jones Act and general maritime law.

which indicates that decedent's claims are not extinguished upon his death. Thus, Ms. de Leon has failed to carry her burden under Fed.R.Civ.P. 25(a)(1).

The Court concludes that Ms. de Leon has failed to comply with the requirements of Fed.R.Civ.P. 25(a)(1), and therefore, her motion for substitution as named plaintiff is DENIED.

 Although the defendants contend that this suit should be dismissed because Ms. de Leon has failed to comply with the Rule, such a harsh result is not necessary. The Court will give Ms. de Leon the opportunity to obtain proper authorization from a Venezuelan court so as to qualify as a legal representative of the decedent. Consequently, upon a proper showing to this Court, within a sixty-day period from the filing of this Minute Entry and Order, Ms. de Leon will be permitted to go forward and prosecute this action.