## 62424. GUYETT v. GUYETT.

CARLEY, Judge.
On January 27, 1979, Harold Guyett, Jr., a resident of the State of Georgia and of either Liberty or Cobb County, died intestate. On January 30, 1979, appellee, Guyett's ex-wife and the mother of his minor child, was granted temporary letters of administration over the estate by the Probate Court of Liberty County. On February 5, 1979, appellant, also an ex-wife of Guyett and alleging herself to be his common-law wife at the time of his death, filed an application for permanent letters of administration in Cobb County. Appellee filed a caveat in Cobb County contesting the jurisdiction of the probate court of that county. In April of 1979 appellee applied for permanent letters of administration in Liberty County. On April 30, 1979, the probate court of Cobb County sustained appellee's caveat and dismissed appellant's petition for permanent letters on the basis that jurisdiction over the matter was in Liberty County. On May 3, 1979,

appellant filed a caveat to appellee's petition in Liberty County and on May 7, 1979, appellant appealed the dismissal of her petition for permanent letters of administration to the Superior Court of Cobb County. This appeal to the Superior Court of Cobb County is still pending.

On July 23, 1979, the Probate Court of Liberty County overruled appellant's caveat and issued permanent letters of administration to appellee. On August 10, 1979, appellant appealed to the Superior Court of Liberty County. On January 7, 1980, appellant moved to stay and abate the proceedings in Liberty County on the ground that there was a prior suit pending between the parties in Cobb County, that being the appeal to the superior court of that county from the order dismissing appellant's petition for permanent letters on jurisdictional grounds. On January 17, 1980, appellant's motion to stay and abate the Liberty County proceedings was denied. Appellant's petition for an interlocutory appeal from the denial of her motion was granted in order that we might resolve the jurisdictional issue, which is apparently one of first impression in this state.

"The judge of the probate court can grant administration upon no person's estate who was not a resident of the county where the application is made at the time of his death, or, being a nonresident of the state, has property in said county, or a bona fide cause of action against some person therein." Code Ann. § 24-1902. This statute states the converse of Code Ann. § 113-1211: "Every application for letters of administration shall be made to the judge of the probate court of the county of residence of the deceased, if a resident of this State; and if not a resident, then in some county where the estate or some portion thereof is located. . ." It is undisputed that Mr. Guyett was a resident of Georgia at the time of his death. The only issue is which county he was a resident of at the time of his death and, therefore, which probate court, that of Cobb County or that of Liberty County, had jurisdiction to appoint an administrator of his estate.

Appellant asserts that because her petition for *permanent* letters in the Probate Court of Cobb County was filed prior to appellee's petition for *permanent* letters in the Probate Court of Liberty County, the appeal from the grant of letters to appellee by the latter court must be stayed and abated pending resolution of the appeal from the dismissal of appellant's petition by the former. In support of this argument, appellant further contends that it is of no jurisdictional consequence that appellee was first granted temporary letters by the Probate Court of Liberty County because the granting of temporary letters is an ex parte proceeding from which the law

allows no appeal. Ga. Code Ann. Section 113-1207. Thus appellant's argument is, essentially, that the threshhold issue of whether a probate court has jurisdiction over the estate of a resident deceased is raised by the filing of a petition for permanent rather than temporary letters of administration and that the jurisdictional issue therefore must be resolved in the county in which the petition for permanent letters is first filed.

The probate court "being one of general jurisdiction every presumption in favor of its jurisdiction is to be made until the want of jurisdiction appears." *Langmade v. Hamilton,* 89 Ga. 441 (1) (15 SE 535) (1892). It is a general proposition that the probate court "to which application is made for a grant of administration, is the proper tribunal to determine the question of its own jurisdiction." *Arnold v. Arnold,* 62 Ga. 627 (1879). Thus, the only issue in the instant case is which probate court first obtained jurisdiction to determine jurisdiction, that of Liberty County upon appellee's filing of the petition for temporary letters or that of Cobb County upon appellant's filing of the petition for permanent letters. That court whose jurisdiction over Guyett's estate was first invoked had authority to determine all questions relevant thereto, including its own jurisdiction to render a judgment. Therefore, all issues, including those concerning jurisdiction must be pursued in the context of the proceedings in that county's courts. "After a probate court of one county has assumed jurisdiction over the administration of an estate, every presumption is in favor of such jurisdiction, and an application made to the probate court of another county for the purpose of administering such estate cannot be entertained while the first court retains jurisdiction." 12 EGL Executors and Administrations, § 4 (1977 Rev.)

While *McPhail v. Barnhill,* 42 Ga. App. 505 (156 SE 466) (1930) dealt with the jurisdiction of a probate court over the estate of a nonresident deceased, we believe that it likewise stands for the proposition that the jurisdiction of a probate court over the estate of a resident deceased is invoked by the grant of a petition for temporary letters: "The appointment of a temporary administrator is certainly an exercise on the part of the ordinary of the jurisdiction of his court, and we think that once he has exercised jurisdiction by such appointment his jurisdiction over the estate becomes exclusive." *McPhail,* 42 Ga. App. at 507. In the instant case it is undisputed that the Probate Court of Liberty County granted appellee temporary letters, thereby invoking the threshhold jurisdiction of that court over Guyett's estate, before appellee filed her petition for permanent letters in Cobb County. It therefore follows that appellant's subsequent filing in Cobb County did not oust the Liberty County

Probate Court from jurisdiction over the estate and that that court had the authority to inquire into and to rule on its jurisdiction to grant permanent letters to appellee. It follows that the issue of the jurisdiction of the Probate Court of Liberty County to grant permanent letters to appellee was properly raised and ruled on in the court and, on appeal, jurisdiction questions would be properly entertained in the superior court of that county. Appellant was not entitled to an abatement of the proceedings in that court because of her pending appeal to the Superior Court of Cobb County. If the judgment of the Superior Court of Liberty County is adverse to appellant's asserted interests, she will be entitled to appeal therefrom on whatever grounds she deems meritorious.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED DECEMBER 4, 1981.

*David L. Cavender,* for appellant.
*A. G. Wells, Jr.,* for appellee.