### 40258. TAYLOR v. MOSLEY et al.

BELL, Justice.

This case involves a dispute over the estate of R. T. Hopkins. Following his wife's death in 1979, Hopkins' sister, Sallie Mosley, arranged for him to move from his residence in Fulton County to a nursing home in Pickens County. She was subsequently appointed his legal guardian by the Pickens County Probate Court. Hopkins died in Pickens County on February 18, 1981. On February 20, John H. Mosley, Sallie's son, petitioned the Pickens probate court for temporary letters of administration of Hopkins' estate, alleging that Hopkins died intestate, and the letters were granted the following day. On March 2, the deceased's brothers-in-law, Ray and Dillard Taylor, filed a petition in the same court, seeking probate in solemn form of a 1968 instrument which named Hopkins' wife as executor and Dillard as contingent executor in the event she predeceased Hopkins, and which distributed the bulk of Hopkins' estate to the Taylors.

On April 6, R. L. Hopkins, another nephew of the deceased, filed

a caveat to the 1968 will and a petition to probate in solemn form a 1947 instrument. This document named the deceased's wife as executrix, but made no provision for a contingent executor in the event she predeceased him. The Taylors then voluntarily dismissed their Pickens County petition for probate of the 1968 document and obtained probate of that instrument in common form in the Fulton County Probate Court. The sequence of the voluntary dismissal and filing for common form probate is unclear, but the parties apparently treat the dismissal and common form filings as being simultaneous. In response, Sallie filed a demand in that court for probate of the 1968 document in solemn form. After the Taylors filed a petition to that effect, she caveated, contending that R. T. Hopkins died a resident of Pickens County and that, the administration of the estate already having begun in the probate court of that county, the Pickens Probate Court was the proper forum to determine all questions regarding the estate's administration. Meanwhile, the Pickens Probate Court proceeded to admit the 1947 instrument to probate in solemn form, appointing John Mosley as administrator with will annexed.

On April 15, 1982 the Fulton Probate Court dismissed the Taylors' solemn form petition, on the ground that, jurisdiction having been first invoked in Pickens County, the Pickens Probate Court had exclusive jurisdiction to determine whether it had jurisdiction to administer the estate. *Guyett v. Guyett,* 160 Ga. App. 622 (287 SE2d 632) (1981). The Taylors appealed to the Fulton Superior Court, which affirmed the dismissal, and on appeal from that judgment this court affirmed without opinion. *Taylor v. Mosley,* 250 Ga. XXIX.

Dillard Taylor then filed a petition under OCGA Title 9, Ch. 4 (Code Ann. Ch. 110-11), for declaratory and injunctive relief in the Superior Court of Pickens County. In his complaint Taylor alleged that the dismissal of his petition to probate in solemn form the 1968 document did not vacate or set aside the common form probate, but merely deferred that probate's effectiveness until the Pickens County Probate Court decided the issue of the deceased's domicile at death. He claimed that as a result of several invalid rulings of the Pickens probate court, including the admission of the 1947 instrument to probate and the appointment of John Mosley as permanent administrator with the will annexed, he was without adjudication of the merits of his case, and that immediate and irreparable harm would result as a consequence of his inability to carry out the fiduciary functions of his appointment as executor under the Fulton common form probate, defendants having refused to honor the validity of that probate. Dillard prayed the superior

court to declare void several rulings of the Pickens Probate Court, including the probate of the 1947 will and the issuance of permanent letters of administration to John Mosley, and to declare Fulton County to be Hopkins' domicile at his death.

Subsequently, the trial court held a hearing, acknowledged by appellant to have been a bench trial of his petition. Although the complaint arguably raised substantive equitable issues, the sole issue argued during the trial and ruled upon by the court was whether appellant was entitled to declaratory relief under Title 9, Ch. 4 (Code Ann. Ch. 110-11). In its judgment, the court held that appellant was not entitled to declaratory relief under the provisions of OCGA § 9-4-4 (a) (Code Ann. § 110-1107), since the relief he sought did not fall within the terms of that subsection. The court also held that Taylor was not entitled to relief pursuant to OCGA §§ 9-4-1 (Code Ann. § 110-1111) and 9-4-2 (Code Ann. § 110-1101) because he had not established that the Pickens Probate Court could not decide all issues raised in his petition, nor that he would be harmed if the probate court were allowed to consider those issues, and therefore had made an insufficient showing as to the necessity of intervention by the superior court. Taylor appeals, and we affirm.

1). (a) Taylor argues that he is entitled to relief pursuant to OCGA § 9-4-4 (a) (Code Ann. § 110-1107), and, in particular, (a) (3) of that section, which authorizes declaratory judgment "to determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." However, we agree with the trial court that subsection (a) is inapplicable to the facts of this case.

"Considered in its entirety, the manifest purpose of [OCGA § 9-4-4 (Code Ann. § 110-1107) is] to enable a guardian, administrator, or other fiduciary to go into court and seek guidance during the administration of an estate. . . ." *Tucker v. American Surety Co.*, 206 Ga. 533, 537-38 (57 SE2d 662) (1950). "There must exist an actual controversy as to questions arising out of the administration of the estate, or disputed questions necessitating a construction of the will." *Rowan v. Herring,* 214 Ga. 370, 373-74 (105 SE2d 29) (1958). The issues raised by appellant go only to venue and the issuance and revocation of letters of administration; they in no way concern the construction of an instrument which has been propounded for probate, nor do they arise "during" or "out of" the administration of an estate.

b). Moreover, even if subsection (a) were applicable to the facts of this case, the result reached by the superior court would be correct, since the court found that appellant had made an insufficient showing of the necessity for its intervention, and the record supports

this finding. *Rowan,* supra, 214 Ga. at 373; *Brewton v. McLeod,* 216 Ga. 686 (119 SE2d 105) (1961). First, it is clear that appellant has a remedy at law. Prior litigation over this estate has already established that the issue of venue is within the exclusive jurisdiction of the Pickens County Probate Court, and appellant has not demonstrated that he cannot obtain a fair adjudication of the venue issue in that forum. Moreover, the appointment and removal of administrators are matters consigned to the original and exclusive jurisidiction of the probate court, and there is no evidence showing that, by virtue of fraud or for any other reason, appellant cannot obtain a fair disposition of that issue in the Pickens Probate Court.

In this regard appellant urges that he will be unable to contest the Pickens probate of Hopkins' estate unless he propounds the 1968 instrument for probate in the Pickens Probate Court, but that this act of propounding will constitute a waiver of his right to contest that court's jurisdiction and venue. This contention is unsupported by argument or citation of authority, and normally would be deemed abandoned. However, in the interest of judicial economy, we note that, since appellant is a person interested in Hopkins' estate under an instrument purporting to be a will, who will be injured by the probate of the 1947 instrument, he has standing to contest the jurisdiction of the Pickens Probate Court, notwithstanding the fact that the 1968 instrument has not been filed for probate in the county in which jurisdiction is contested. See *Hooks v. Brown,* supra, 125 Ga. 122, 125-29 (53 SE 583) (1906); *Churchill v. Neal,* 142 Ga. 352 (1) (82 SE 1065) (1914). This argument has no merit.

Second, appellant has failed to show that, despite the existence of a remedy in the Pickens Probate Court, there is "some fact or circumstances which necessitate a determination," *Rowan,* supra, 214 Ga. at 373, of this dispute by the superior court. The gist of appellant's argument in support of his numerous allegations of imminent harm is that the Fulton common form probate of the 1968 instrument has not been expressly revoked, and that the declaratory relief he seeks is necessary to preserve him from insecurity, un-certainty, and danger of loss he faces in his status as executor of that will from lawsuits and other difficulties arising out of the conflicting duplicate management of R. T.'s estate. We disagree.

"After a probate court of one county has assumed jurisdiction over the administration of an estate, every presumption is in favor of such jurisdiction, and an application made to the probate court of another county for the purpose of administering such estate cannot be entertained while the first court retains jurisdiction." 12 EGL Executors and Administrators § 4 (1977 Rev.), quoted in *Guyett,* supra, 160 Ga. App. at 624. After the Taylors filed their common form

petition in Fulton, Sallie Mosley, in accord with the rule or procedure that there can be no caveat to a petition to probate in common form, demanded probate in solemn form, then caveated on the basis of lack of jurisdiction. This caveat was granted, and the solemn form probate was dismissed. To allow the dismissal, as appellant urges, to restore, revive, or place in abeyance the common form probate, would have the effect of precluding jurisdictional challenges to common form probate petitions. We therefore hold that the judgment of dismissal of the solemn form probate necessarily constituted a dismissal of the common form probate. See *Guyett,* supra, 160 Ga. App. at 624; *Hooks v. Brown,* supra, 125 Ga. at 130. Because the appellant no longer enjoys the status of common form executor in Fulton Probate Court, he faces no jeopardy to interests arising out of that status.

c). Appellant also contends that the trial court erred by denying him relief under OCGA §§ 9-4-1, 2, and 4 (b) (Code Ann. §§ 110-1111, 110-1101, and 110-1107). In accordance with our holding in Division (1) (b), supra, we find no error.

2). Taylor further argues that the trial court erred in denying his petition because he was entitled to equitable relief pursuant to OCGA §§ 9-4-3 (a) (Code Ann. § 110-1102) and 23-2-91 (Code Ann. § 37-403). This issue was not raised by appellant during the trial of this case, however, and therefore was waived. Moreover, it is clear that the prerequisite for invocation of this statute, which is the unavailability of adequate legal remedies, was not established at trial.

3). Appellant also relies upon a counterclaim which was filed by one of the defendants, a local bank which held the assets of the estate. The bank sought to interplead the claimants to the estate and pay the property it held into the registry of court, which relief the trial court granted; the instant appeal is from the judgment on Taylor's petition only, and the interpleader is still pending in the superior court. It is appellant's contention that, when the superior court granted the interpleader, it assumed equitable jurisdiction, and that it could not thereafter relegate the issues raised in his complaint to a court with no equitable powers. This argument has no merit.

To start, this issue was waived by not being raised at trial. In addition, the record does not indicate whether the counterclaim is, as appellant assumes, an equitable interpleader pursuant to OCGA § 23-3-90 (Code Ann. § 37-1503), or an action under the Civil Practice Act, OCGA § 9-11-22 (Code Ann. § 81A-122). Even assuming that the interpleader was in equity, the issues raised by the counterclaim were not shared by the complaint, and the trial court's grant of relief on the counterclaim was not inconsistent with its denial of appellant's claims.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 1984 —
REHEARING DENIED MARCH 28, 1984.

*O. Torbitt Ivey, Jr.,* for appellant.
*John L. Blandford, Phillip M. Landrum, Jr., W. Alvin Young,* for appellees.