838 F.2d 466
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JOHN ALDEN LIFE INSURANCE COMPANY, Plaintiff,
v.
Edna WRIGHT, deceased, John Wetzel Smith, Defendants-Appellants.
Carol MILLER, Richard Wright, Gerald Wright, Defendants-Appellees,
and
Herbert Smith, Douglas Smith, Fred Smith, Lorraine Putman,
Patricia Cavnor, Dorothy Nichols, Frank Smith,
Tolbart Smith, William E. Smith, Defendants.
 No. 87-2587.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 24, 1987.
Decided Jan. 28, 1988.
 
 John Wetzel Smith, appellant pro se.
 Milton T. Herndon, David Reid Dillon, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, for appellees.
 S.D.W.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (C/A No. 84-2327).
 Before DONALD RUSSELL, WIDENER, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from an interpleader action brought by John Alden Life Insurance Company against Edna Wright, her children, and the children of Sheldon Wright to determine who was entitled to receive the proceeds of Sheldon Wright's life insurance policy.[1] Sheldon Wright's children filed a motion for summary judgment asserting that they were entitled to the proceeds because Edna Wright had conspired in the murder of Sheldon Wright. The court concluded that the insurance proceeds should be awarded to Sheldon Wright's natural children and that Edna Wright and her children were barred from recovery due to her involvement in the murder. Wetzel Smith noted an appeal on his own behalf and on behalf of Edna Wright, his mother, who died during the course of the litigation in the district court.
 
 
 2
 The record indicates that Smith was convicted of the first-degree murder of Sheldon Wright. West Virginia Code Sec. 42-4-2 provides that:
 
 
 3
 [n]o person who has been convicted of feloniously killing another, or of conspiracy in the killing of another, shall take or acquire any money or property, real or personal, or interest therein, from the one killed or conspired against, either by descent and distribution, or by will, or by any policy or certificate of insurance, or otherwise.
 
 
 4
 Thus, Smith is barred by statute from recovering the insurance proceeds on his own behalf.
 
 
 5
 Smith's attempt to file the notice of appeal on behalf of his deceased mother must also fail. An appeal in this action may only be noted by the deceased's personal representative or attorney of record. Rule 43, Fed.R.App.P., Notes of Advisory Committee. The executor, administrator, or distributor of the deceased estate is the only party who may properly qualify as personal representative unless the assets of the estate have been distributed; then the proper party would be the successor of the estate. See McSurely v. McClellan, 753 F.2d 88, 98-99 (D.C.Cir.1985), cert. denied, 54 U.S.L.W. 3374 (U.S. Dec. 2, 1985) (No. 85-241); Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y.1986); Ashley v. Illinois Cent. Gulf R.R., 98 F.R.D. 722, 724 (S.D.Miss.1983); Roberson v. Wood, 500 F.Supp. 854, 859 (S.D.Ill., 1980); Marcano v. Offshore Venezuela, C.A., 497 F.Supp. 204, 207-08 (E.D.La.1980). The mere fact that the person seeking substitution is related to the deceased is insufficient to establish that the person is the legal representative. See Roberson, supra, at 859; Marcano, supra, at 207. Smith has failed to establish that he is either the executor, administrator, or distributor of the estate. Nor does he assert that his mother's assets have been distributed and that he is her successor. In response to this Court's request for documentation of his status, Smith provided a letter indicating that he is the representative because his mother had stated she wanted Smith and another of her sons to take care of her affairs if she died. Smith failed to produce adequate documentation that he in fact is the proper representative of his mother's estate. Therefore, we find that he lacks authority to appeal on her behalf.
 
 
 6
 Accordingly, we affirm the district court's judgment as it applies to Smith and dismiss the appeal as it applies to Edna Wright. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed.R.App.P. 34 and Local Rule 34(a).
 
 
 7
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 [1]
 Sheldon Wright died in 1983 from a gun shot wound to the head. Edna Wright (the decedent's second wife) and Wetzel Smith (Edna Wright's son) were indicted for the first-degree murder of Sheldon Wright. Smith was convicted; however, Edna Wright died before prosecution