**Alejandro ESCARENO, Plaintiff,**

v.

**NOLTINA CRUCIBLE and REFRACTORY CORPORATION, and Carl Nolte Söhne GmbH, Defendants.**

**Civ. No. 1:92–cv–103–JEC.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 30, 1993.

Irwin W. Stolz, Jr., Seaton D. Purdom, Charles N. Bowen, Atlanta, GA, for plaintiff.

Rex David Smith, Jan P. Cohen, Atlanta, GA, Julia B. Jagger, Atlanta, GA, Thomas B. Kenworthy, Philadelphia, PA, for defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on plaintiff's Motion for Substitution [53–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's motion should be denied. Moreover, the case is dismissed for failure to substitute a party for the deceased plaintiff.

## BACKGROUND

On January 22, 1990, plaintiff was severely burned when a crucible in operation at plaintiff's employer burst and showered him with molten zinc. Plaintiff filed this lawsuit on January 14, 1992, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff claims damages for personal injury, pain and suffering, lost earnings, and medical expenses.

On December 26, 1992, plaintiff died. At the time of his death plaintiff resided in Salinas, Mexico and had no real or personal property in Georgia. On February 26, 1993, plaintiff's counsel filed a suggestion of death with this Court. On April 23, 1993, plaintiff's counsel filed an *ex parte* application with the Probate Court of Fulton County for temporary letters of administration of plaintiff's estate in Georgia. The application was approved and plaintiff's counsel was appointed temporary administrator of plaintiff's estate. On May 17, 1993, plaintiff's counsel moved this Court, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure ("Rule 25(a)(1)"), to substitute him as plaintiff in this action by virtue of his appointment as temporary administrator of plaintiff's estate.

## DISCUSSION

Defendants oppose plaintiff's motion on three alternative grounds. Defendants first argue that no temporary administrator appointed pursuant to O.C.G.A. § 53–6–34 would be a "proper party" for purposes of Rule 25(a)(1). Alternatively, defendants argue that, even if a temporary administrator could be a "proper party," plaintiff's counsel is not a "proper party" under Rule 25(a)(1) because his appointment by the Probate

Court of Fulton County was improper. Lastly, defendants argue that plaintiff's motion should fail because it fails to add the real party in interest, plaintiff's heirs. As the Court finds that defendants should prevail based upon their second argument alone, it does not decide the substantive issues raised in the other two bases of defendants' opposition to plaintiff's motion. Thus, for the reasons set forth below, the Court finds that plaintiff's Motion for Substitution should be denied.

In his Motion for Substitution, plaintiff's counsel asserts that he is a "proper party", as provided for in Rule 25(a)(1), who may be substituted as the party plaintiff in order to pursue the claims of the now deceased plaintiff.[1] The basis of plaintiff's counsel's assertions is an order of the Probate Court of Fulton County appointing him temporary administrator of plaintiff's estate. Defendants argue in response that the Probate Court of Fulton County lacked jurisdiction to hear plaintiff's counsel's Application for Temporary Letters of Administration. Thus, as defendants' argument goes, plaintiff's counsel is not a proper party for substitution under Rule 25(a)(1) because of the defect in the state court proceeding.

■ "FED.R.CIV.P. 25(a)(1) involves the procedural capacity to sue; therefore, a person seeking to be substituted under the Rule must strictly comply with the requirement relating to becoming 'a proper party.'" *Marcano v. Offshore Venezuela, C.A.,* 497 F.Supp. 204, 208 (E.D.La.1980). In order to be a "proper party" under Rule 25(a)(1), the person seeking substitution must be the legal representative of the deceased plaintiff's estate. *Mallonee v. Fahey,* 200 F.2d 918, 919 (9th Cir.1952). "[E]ven the most liberal construction of the Rule would not permit the substitution of a party's attorney who did not have status as a legal representative of the

decedent's estate." *Marcano,* 497 F.Supp. at 207 (citing *Boggs v. Dravo Corp.,* 532 F.2d 897 (3d Cir.1976)). Thus, in order for plaintiff's counsel to be a proper party he must be a properly appointed legal representative of plaintiff's estate. If it turns out, however, that the underlying state appointment of the putative legal representative was improper, the motion for substitution should be denied. *Diehl v. United States,* 438 F.2d 705, 709 (5th Cir.1971).[2]

Under Georgia law, "[t]he judge of the probate court can grant administration only on the estate of a person who was ... (2) A nonresident of the state, with property in the county where the application is made or with a bona fide cause of action against some person therein." O.C.G.A. § 15–9–31 (1990).[3] "Thus, the jurisdiction of the [probate court] of any county of this State to appoint an administrator upon the estate of any deceased nonresident is made to depend solely upon the ownership of property within the county, or the existence of a bona fide cause of action in favor of the deceased nonresident *against some person residing in the county.*" *McPhail v. Barnhill,* 42 Ga.App. 505, 506, 156 S.E. 466 (1931) (emphasis added) (construing § 4792 of the Civil Code of 1910, now O.C.G.A. § 15–9–31); *see also Robbins v. Nat. Bank of Georgia,* 241 Ga. 538, 246 S.E.2d 660 (1978) (accord). In their attack on plaintiff's counsel's status as the legal representative of plaintiff's estate, defendants point out, and plaintiff does not dispute, that neither defendant is a resident of Fulton County, Georgia. Therefore, defendants argue that, absent any evidence plaintiff owned property in the county[4], the Probate Court of Fulton County lacked jurisdiction to appoint any person to be an administrator of plaintiff's estate.

---

1. There appears to be no dispute between the parties that plaintiff's claims, if any, against the defendants survived the death of the plaintiff.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

3. The parties agree that plaintiff was not a resident of the state of Georgia at the time of his death.

4. In the Motion for Substitution, plaintiff's counsel has not argued that plaintiff owned any property in Fulton County, Georgia.

664

In reply to defendants' opposition to plaintiff's motion, plaintiff argues that it is the "cause of action," not the defendant, which must be present in the county to provide the probate court with jurisdiction under O.C.G.A. § 15–9–31. Plaintiff's principal argument in support of this construction is the language of O.C.G.A. § 15–9–32, which regulates jurisdiction in cases where more than one county's probate court has the power exercise jurisdiction under § 15–9–31.[5] While the language of § 15–9–32 is somewhat supportive of plaintiff's proposed construction of § 15–9–31, such a construction is not supported by the relevant case law construing § 15–9–31. *See McPhail,* and *Robbins, supra.*

Even if the Court were to adopt plaintiff's proposed construction of § 15–9–31, plaintiff's argument would fail because the situs of plaintiff's cause of action is not in Fulton County, Georgia. Plaintiff argues that the situs of plaintiff's cause of action is Fulton County, Georgia, because the chambers of the judge to which this case has been assigned are housed in a federal courthouse in the county. While fixing the situs of a cause of action is a metaphysical determination, it appears to be the law in this circuit that the situs of a cause of action is at the domicile of the plaintiff. *Reeves v. Schulmeier,* 303 F.2d 802, 807 (5th Cir.1962). In arriving at this determination, the *Reeves* Court reasoned that the cause of action " 'at-taches to the person of the plaintiff, follows [him] whereever [sic] [he] goes, and possesses no other situs than such as [he] is pleased to give it.' " *Id.* (quoting *Williams v. Pope Mfg. Co.,* 52 La.Ann. 1417, 27 So. 851, 50 L.R.A. 816 (1900)). As plaintiff's last known domicile was outside Fulton County, Georgia, plaintiff could not have been possessed of a cause of action located within the county. Accordingly, the Court finds that the Probate Court of Fulton County lacked jurisdiction to appoint a temporary administrator for plaintiff's estate, and, therefore, plaintiff's counsel is not a "proper party" for purposes of Rule 25(a)(1) of the Federal Rules of Civil Procedure. Thus, the Court finds that plaintiff's Motion for Substitution should be denied.

### CONCLUSION

For the foregoing reasons, plaintiff's Motion for Substitution is **DENIED.** It is further ordered that this case be **DISMISSED** for failure to substitute a party for the deceased plaintiff pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.[6]

SO ORDERED.

---

5. O.C.G.A. § 15–9–32 provides: "When a nonresident decedent has property or a cause of action in more than one county, letters of administration may be granted in any county in which such property or cause of action is located. The judge who first grants such letters acquires exclusive jurisdiction."

6. In its order of March 10, 1993, the Court ordered this case dismissed if a party was not substituted within ninety (90) days of the suggestion of death of the plaintiff. The suggestion of death was filed on February 26, 1993 and more than ninety days have now passed.