Alejandro ESCARENO, Plaintiff,

v.

NOLTINA CRUCIBLE AND REFRAC-TORY CORPORATION and Carl Nolte Söhne GmbH, Defendants.

Civil No. 1:92–cv–103–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 23, 1994.

Irwin W. Stolz, Jr., Seaton D. Purdom, Charles Neely Bowen, Gambrell & Stolz, Atlanta, GA, for Plaintiff.

Rex D. Smith, Jan Phillip Cohen, Chambers, Mabry, McClelland & Brooks, Atlanta, GA, Julia Bennett Jagger, Hawkins & Parnell, Atlanta, GA, Thomas B. Kenworthy, Morgan, Lewis & Bockius, Philadelphia, PA, for Defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on plaintiff's Motion for Reconsideration [67–1] and plaintiff's Motion for Oral Argument [67–2]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's motions should be denied.

## BACKGROUND

On January 22, 1990, plaintiff was severely burned when a crucible in operation at plaintiff's place of employment burst and showered him with molten zinc. Plaintiff filed this lawsuit on January 14, 1992, invoking this Court's diversity jurisdiction pursuant to

28 U.S.C. § 1332(a). Plaintiff claimed damages for personal injury, pain and suffering, lost earnings and medical expenses.

On December 26, 1992, plaintiff died in Salinas, Mexico, from a self-inflicted gunshot wound. On February 26, 1993, counsel for plaintiff filed a suggestion of death with this Court. In its order of March 10, 1993, the Court directed that, in accordance with Rule 25(a) of the Federal Rules of Civil Procedure ("Rule 25(a)"), any motion for substitution of a party be filed within ninety (90) days of the filing of the suggestion of death.

On May 17, 1993, plaintiff's counsel, Mr. Irwin W. Stolz, moved this Court to substitute himself as the plaintiff in this action. On or about June 4 and June 15, 1993, defendants Carl Nolte Sḯhne GmbH and Noltina Crucible filed their briefs in opposition to the Motion for Substitution.

On November 30, 1993, this Court entered an order denying plaintiff's Motion for Substitution (53–1) and ordering that this case be dismissed for failure to substitute a party for the deceased plaintiff, pursuant to Rule 25(a) and this Court's order of March 10, 1993. Plaintiff filed this Motion for Reconsideration in response to the November 30, 1993 order.

### DISCUSSION

#### I. *Introduction.*

In denying plaintiff's Motion for Substitution, the Court found that the underlying state probate court appointment of plaintiff's counsel as temporary administrator of plaintiff's estate in Georgia was defective because the state court lacked jurisdiction to make such an appointment under Georgia law. Thus, the Court held that plaintiff's counsel did not constitute a "proper party" for substitution under Rule 25(a). Plaintiff now seeks reconsideration of the Court's denial of his motion for substitution and the dismissal of the case.

In making his Motion for Reconsideration, plaintiff makes four alternative arguments. Plaintiff argues that the papers in the file maintained by plaintiff's counsel in this case

constitute "property" under Georgia law and that maintenance of such a file by plaintiff's counsel in Fulton County, Georgia, provided a jurisdictional basis for the Probate Court of Fulton County to appoint a temporary administrator.[1] Alternatively, plaintiff argues that his cause of action in this case constitutes "property" under Georgia law and that the pendency of the case before a federal court located in Fulton County means that plaintiff died "with property in the county" under O.C.G.A. § 15–9–31. Further, plaintiff reasserts his argument from the Motion For Substitution that it is the pendency of a case in a county, not the pendency of a case against a person in a county, which provides a jurisdictional basis for the probate court of that same county to administer the estate of a nonresident decedent under O.C.G.A. § 15–9–31.

Lastly, plaintiff argues that, even if the Court's prior ruling with respect to the defects in the appointment of the temporary administrator is correct, plaintiff should be allowed an additional sixty (60) days to locate a proper representative of plaintiff's estate for substitution. For the reasons set out below, the Court finds none of plaintiff's arguments persuasive.

#### II. *Motions for Reconsideration.*

A motion for reconsideration should be filed only when, after careful consideration, it is deemed "absolutely necessary" by the movant. LR 220–6, NDGa. Such a motion may not be employed as a vehicle to tender new legal theories or to introduce new evidence that could have been presented in conjunction with the previously filed motion or response. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir.1992). "Denial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.' " *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir.1990)). Motions for reconsideration serve the limited purpose of correcting mani-

---

1. Under Georgia law, the probate court of any given county has jurisdiction to administer the estate of a nonresident decedent "with property in the county where the application is made or with a bona fide cause of action against some person therein." O.C.G.A. § 15–9–31 (1990).

fest errors of law or fact or calling the Court's attention to significant changes in controlling precedent or newly discovered evidence "which could not have been adduced during the pendency of the motion." *In re Oil Spill by "Amoco Cadiz",* 794 F.Supp. 261, 267 (N.D.Ill.1992), *see also Elster v.Alexander,* No. 75–1069–CAM (N.D.Ga. Mar. 13, 1984) (Moye, J.) (LEXIS, Genfed library, Dist file) (accord).

### III. *Property of the Decedent in Fulton County, Georgia?*

■ In his Motion for Reconsideration, plaintiff makes two arguments regarding the presence of personal property of the deceased plaintiff in Fulton County, Georgia, at the time the probate court purported to appoint plaintiff's counsel as the temporary administrator of plaintiff's estate. Specifically, plaintiff argues that the file maintained by his counsel in their Fulton County offices constitutes property and that the cause of action itself constitutes property. According to plaintiff's arguments, the presence of either piece of property in the county would have provided the Probate Court of Fulton County with jurisdiction to appoint an administrator under O.C.G.A. § 15–9–31.

While the Court finds interesting plaintiff's arguments regarding a possible property interest in the case file maintained in counsel's offices in Fulton County, plaintiff did not raise this theory previously and has not articulated any reason for his failure to do so. In fact, plaintiff never supported his Motion For Substitution with any argument or any evidence regarding the existence of property within Fulton County at the time of the appointment of a temporary administrator. Plaintiff failed to make such arguments even though defendants vigorously attacked the

jurisdiction of the Probate Court of Fulton County to appoint an administrator for plaintiff's estate. Accordingly, plaintiff's Motion for Reconsideration should be denied to the extent that he now argues that the presence of property in Fulton County provided a jurisdictional basis for the Probate Court of Fulton County to appoint a temporary administrator for plaintiff's estate in Georgia.[2]

### IV. *Construction of O.C.G.A. § 15–9–31.*

■ Plaintiff's arguments with respect to O.C.G.A. § 15–9–31 are essentially the same as those raised in the original Motion for Substitution. As the Court dealt with these arguments completely in its order of November 30, 1993, it will not revisit them now. However, to the extent that plaintiff argues that the Court's determination that the situs of a cause of action is at the domicile of its holder was in error, plaintiff's arguments are misplaced. The holding in this Court's order of November 30, 1993, was that " 'the jurisdiction of the [probate court] of any county of this State to appoint an administrator upon the estate of any deceased nonresident is made to depend solely upon the ownership of property within the county, or the existence of a bona fide cause of action in favor of the deceased nonresident *against some person residing within the county.'* " *Escareno v. Noltina Crucible & Refractory Corp.,* 152 F.R.D. 661, 663 (N.D.Ga.1993) (quoting *McPhail v. Barnhill,* 42 Ga.App. 505, 506, 156 S.E. 466 (1931)). The metaphysical determination of the situs of plaintiff's cause of action was, therefore, unnecessary to the Court's conclusion that the Probate Court of Fulton County lacked jurisdiction to appoint an administrator for plaintiff's estate. The Court's determination turned on the fact that neither defendant is a resident of Fulton County. Thus, plaintiff's renewed argument,

---

**2.** As plaintiff failed to make any arguments or submit any evidence regarding the presence of property in Fulton County in support of his Motion for Substitution, the Court need not address plaintiff's substantive argument regarding the situs of a cause of action. The Court does note, however, that the only Georgia authority cited by any of the parties indicates that the situs of a cause of action, as personal property of the holder, is at the domicile of the holder of the claim. *See League v. Churchill,* 164 Ga. 36, 37, 137 S.E. 632 (1927) ("It is generally admitted that person-

alty has no fixed legal situs. It follows the domicile of the owner."); *see also Blodgett v. Silberman,* 277 U.S. 1, 10, 48 S.Ct. 410, 414, 72 L.Ed. 749 (1928) ("[I]ntangible personalty has ... a *situs* at the domicil of its owner"). Thus, assuming plaintiff's argument that a cause of action constitutes personal property under Georgia law is correct, plaintiff has provided no basis upon which this Court could conclude that such property had a situs in Fulton County at the time of plaintiff's death under the undisputed facts in this case.

that the situs of a cause of action is the location where the action is pending, seeks to attack dicta in the November 30, 1993, order. Accordingly, plaintiff has failed to demonstrate that this Court should reconsider its prior order with respect to the proper construction of O.C.G.A. § 15–9–31.

## V. *Dismissal Unduly Harsh?*

■ Plaintiff's final argument is that dismissal of plaintiff's case was an unduly harsh sanction for plaintiff's failure to substitute a proper party within ninety (90) days of the suggestion of plaintiff's death being entered upon the record. As a threshold matter, the Court's order was not intended as a sanction for plaintiff's failure to substitute; the Court merely applied Rule 25(a) and enforced its order of March 10, 1993. Moreover, the Court concludes that dismissal of the case was not unduly harsh.

Under Rule 25(a), the ninety (90) day period for substitution of a party does not begin to run until a suggestion of death is filed. In this case, plaintiff had sole control of the timing of the filing of the suggestion of death, as neither defendant was aware of plaintiff's death until plaintiff's counsel filed the suggestion of death in the record. Plaintiff did not file the suggestion of death until two months after plaintiff died. Pursuant to the Federal Rules of Civil Procedure, the Court ordered plaintiff to substitute a party within ninety (90) days or suffer dismissal of the case.

Thus, plaintiff had approximately five (5) months from the date of plaintiff's death to locate a proper substitute. Instead, in May of 1993, deceased plaintiff's attorney filed a motion to substitute the attorney, himself, as the plaintiff in the case. Thereafter, in June of 1993, the defendants filed a response, making extremely strong arguments that counsel's appointment by the Probate Court as a temporary administrator of the estate was without legal effect. Yet, notwithstanding vigorous opposition to plaintiff's proposed substitute by both defendants and the existence of strong Georgia precedent indicating

that the purported appointment of a temporary administrator by the probate court was done without jurisdiction, plaintiff neither located a proper substitute nor sought an extension of time to locate such a substitute, prior to dismissal of the case. *See* FED. R. CIV. P. 6(b).

Indeed, shortly after moving to be substituted as the plaintiff, plaintiff indicated his awareness that his status as administrator of the estate was only temporary until a permanent administrator could be appointed. He noted that because it was uncertain who under Mexican law would be the child's legal guardian for purposes of consenting to the appointment of a permanent administrator, it was deemed necessary to have a temporary administrator appointed in order to avoid dismissal. He further recognized the need for the appointment of a permanent administrator and indicated that he would move to substitute such administrator as the real party-plaintiff as soon as "the issues," (presumably referring to issues concerning the mechanism for appointing a guardian, mentioned in the previous sentence) could be resolved. (Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Substitution, at·(60: 8–9)).

Plaintiff now seeks an additional sixty (60) days to substitute a party in this case. If at the time of filing the motion to reconsider, plaintiff had indicated that he had identified a proper substitute and obtained that substitute's consent to becoming a party, the Court would have strained mightily to permit the substitution. Indeed, if at any time during the pendency of this Motion to Reconsider, the plaintiff had indicated that he had effected the appointment of an appropriate guardian and was prepared to substitute that person as the party plaintiff, the Court would have considered such a motion.

Instead, plaintiff seeks additional time to effectuate the substitution of a proper party, without any assurance that such efforts will be any more successful now than they have been in the twenty-one months since the original plaintiff died.[3] The case has been

---

3. In his Motion for Reconsideration, plaintiff indicates that he is "prepared" to file a petition in

Mexico to obtain an administrator for the estate of the heirs of the original plaintiff. [60 at 24–25]

ongoing since January of 1992; the original plaintiff died twenty-one months ago. The Court is sympathetic toward plaintiff in the apparent difficulties he has had in trying to arrange an appropriate substitute plaintiff and would have permitted any reasonable extension, had such a motion been made. In fairness to all parties to litigation, however, there must be some certainty that litigation will in fact end at some point. Accordingly, the Court finds that its dismissal of plaintiff's case for failure to substitute a proper party, approximately eleven (11) months after the death of the original plaintiff, was not in error.

### CONCLUSION

For the foregoing reasons, plaintiff's Motion for Reconsideration [67–1] is **DENIED** and plaintiff's Motion for Oral Argument [67–2] is **DENIED** as moot.

SO ORDERED.

Plaintiff has also submitted the forms that he could file in the local probate court and in Mexico in order to obtain appointment of a guardian/administrator, as well as an affidavit from a Mexican attorney indicating that the mother of the child of the original plaintiff would have a right, under Mexican law, to represent her son in any legal action. (Attachments to Motion to Reconsider) [60] None of these forms have been signed by the mother, however, and there is no indication that an appropriate guardian/administrator has been appointed or that such a person would wish to be substituted as a plaintiff in this case.