23566. STEPHENS v. FIRST NATIONAL BANK OF ATLANTA, Trustee, et al.

ARGUED JULY 13, 1966—DECIDED SEPTEMBER 8, 1966.

425

*Frank A. Holden, Robert Lee Avary, Jr.,* for appellant.

*Edwin W. Fortson, Hansell, Post, Brandon & Dorsey, Charles T. Zink, McChesney H. Jeffries, Smith, Ringel, Martin & Lowe, Alex W. Smith, Alex W. Smith, Jr., Robert W. Beynart,* for appellees.

*Frank A. Holden, Robert Lee Avary, Jr.,* for party at interest not party to record.

QUILLIAN, Justice. █ The averments of the petition were that,

the plaintiff, appellee here, was entitled to have guidance as to whether a trust existed at all and as to whether the plaintiff's testator, John C. Allen, had any interest in the trust property that would constitute a part of his estate. In such circumstances, the petition was not subject to general demurrer and set forth cause for a declaratory judgment construing the will of Emma Belle Stephens Allen. Ga. L. 1945, pp. 137, 138 (*Code Ann.* § 110-1107) ; *Cohen v. Reisman,* 203 Ga. 684 (48 SE2d 113). See *Rowan v. Herring,* 214 Ga. 370, 374 (105 SE2d 29). This conclusion rests upon the sound premise that every executor is entitled to judicial guidance as to what property he is called upon to administer as that of his testator when the question is subject to doubt and plausible contrary contentions of the parties at interest.

There is a particularly imperative need of the executor when as in this case the estate he is to administer is subject to inheritance tax, and reasonable accurate knowledge of the estate's value is essential in arriving at the amount of the taxes that the executor has the duty to compute and pay.

■ We now consider the validity of the trust as affected by the provision granting John Allen, the original trustee, in his unlimited discretion, the power to terminate the trust by turning over the assets to the named beneficiary. The language of this provision impels us to the conclusion that the testatrix intended such power to be exercised solely by the trustee named in her will and none other. While ordinarily a successor trustee is clothed with all the rights, duties and obligations of his predecessor, yet where the power is given personally to a named individual, the original trustee, in his unlimited discretion, then such power is not delegable and may not be exercised by a successor trustee. "It is the established law of this State that, where the powers conferred by deed or will upon a trustee in the management and control of property for named beneficiaries are personal and discretionary to the trustee, such powers can not be exercised by a successor. . ." *Gilmore v. Gilmore,* 201 Ga. 770, 776 (41 SE2d 229), and cases cited therein. *Luquire v. Lee,* 121 Ga. 624, 629 (49 SE 834). In such case, the provision or power fails, but the entire trust does not, unless the power is so vital and indispensable to the purposes of the trust that its absence

creates an insuperable vacancy which renders the trust nugatory. In other words, when the execution of the power is paramount to the accomplishment of the purposes for which the trust is created, the power and the trust must survive or fall together. 54 AmJur 39, Trusts, § 24.

Here the provisions granting the personal power were not so interwoven with the other trust provisions, but were entirely separable and divisible. It should be pointed out that the clear intent of the testatrix was to create a trust for the sole benefit of the named beneficiary, which was in no way interdependent upon the power to exercise the discretion given to the original trustee. Hence, while the discretion could not be exercised by a successor trustee, the conclusion seems inescapable that the settlor intended the trust to survive the original trustee if necesary to accomplish the purposes of the trust.

■ The final matter for our determination is to ascertain in whom the trust corpus vested or will vest.

In construing Mrs. Allen's will we follow the statute, *Code* § 113-805, and the uniform holdings of this court that where the entire beneficial interest is devised to a named beneficiary, no remainder estate is created, and there is no language contained in the will to indicate a contrary intention, the beneficiary takes a fee simple estate. *Smith v. Dunwoody*, 19 Ga. 237; *Munford v. Peeples*, 152 Ga. 31 (108 SE 454). However, under *Code Ann.* § 108-111.1 (Ga. L. 1950, pp. 310, 311), since there are still duties for the trustee to perform, the trust is not executed but remains executory. Thus, the beneficiary has her fee simple title subject to the uses of the trust and upon her death the res would go to her heirs if she died intestate or to those to whom she devised such property by will.

The trial judge did not err in his construction of the will of Emma Belle Stephens Allen.

*Judgment affirmed. All the Justices concur.*