## 27550. MAY v. MAY.

SUBMITTED NOVEMBER 13, 1972—DECIDED DECEMBER 4, 1972.

*Ronald L. Davis,* for appellant.
*Charles Crawford,* for appellee.

MOBLEY, Chief Justice. Julia Moody May appeals from a judgment refusing to find Robert William May in contempt of court for failure to pay alimony for the support of his child, and denying attorney fees to her for her representation in the contempt action.

No oral testimony was introduced. The case was submitted by judicial admissions of counsel for the parties, and the introduction of the agreement of the parties as to alimony and child custody, which had been made the judgment of the court in a divorce action between the parties. By the admissions of counsel it appeared that the father had refused to pay $105 to the mother because one of the children had been visiting with the father for several weeks. There was no contention that the father was unable to pay the amount he was in arrears. The trial judge made no finding that this amount was not due the mother, but adjudged that the father was not in contempt of court.

The agreement vested the custody of the minor children in the mother, and the father was given "full rights to visit said children and have them with him at reasonable times in compliance with their welfare and schedule."

The father agreed "to pay for the support and maintenance of each of his five children the sum of $35 each per week for each child until said child becomes of age or self-supporting, whichever be first; it being understood that said amounts are to be paid to the plaintiff [mother] herein who shall care for said children and manage said funds for them until said children leave home for school or other purposes, and at that time said fund or funds (i.e. $35 per week for each child) shall follow each child so that the same can be used for their maintenance and support in compliance with the terms of this agreement; defendant [father] further agrees to furnish all major medical and hospital expenses deemed necessary for the welfare of the children . . . , and defendant also shall provide for educating said children, including college training."

This agreement plainly provides that the father shall pay to the mother $35 per week for the support of each child, and the mother shall manage the fund made up of these payments for their present and future needs. The agreement provides visitation rights in the father, but does not indicate in any manner that the father may cease to make the alimony payments while a child is visiting with him.

In *Taylor v. Taylor*, 216 Ga. 767, 769 (119 SE2d 571), this court held: "To the contention of the father that, since he fed and clothed the children while they were at his home, for which purpose the original award of support and maintenance had been awarded, he had sufficiently complied with the spirit of the order, we cannot agree. The father cannot credit himself on the judgment for alimony with any amount that he voluntarily spent on food and clothes for the minor children. *Fischer v. Fischer*, 164 Ga. 81 (5) (137 SE 821)." See also *Wills v. Glunts*, 222 Ga. 647 (151 SE2d 760).

The father had no justifiable reason for refusing to make the alimony payments in the sum of $105, and it was error to fail to find him in contempt of court, and to deny attorney's fees to the mother.

*Judgment reversed. All the Justices concur.*