## 30785. WASHINGTON LOAN & BANKING COMPANY v. GUIN et al.
## 30835. JOHNSON BUILDERS SUPPLIES, INC. v. WASHINGTON LOAN & BANKING COMPANY et al.

HILL, Justice.

This case involves a dispute over money in an escrow account. The principal legal issue involved is whether a contractor who requests that the maker of a permanent loan make payment jointly to the contractor and the construction lender, thereby assigns the contractor's interest to the construction lender.

The Mobleys (hereinafter "the owners") owned a lot on which they secured a $16,000 loan from the Farmers' Home Administration to erect a house. A security deed was delivered to and recorded by FHA. The owners entered into a contract with Boatwright & Guin ("contractor") for the construction of the house for $16,000. The contractor arranged with the Washington Loan and Banking Company ("bank") to finance construction of the house. The FHA put $16,000 into escrow (the holder of the escrow is not a party to this suit). An agreement, made according to the terms of an FHA regulation (Georgia Instruction 444.2A, "Construction Financing for Section 502 Rural Housing Loans"), requested that checks representing payments earned by the contractor on the construction contract be made payable jointly to the contractor and the bank.[1] This agreement, made according to an FHA form and

[1]The text of the agreement was as follows: "It is hereby requested that all checks representing payments earned by me under construction contract dated October

addressed to the FHA county supervisor, was executed by the contractor and was signed and agreed to by the owners and the FHA county supervisor. The bank acknowledges that the money in escrow was to be paid to the contractor and the bank upon completion of the house. Although the agreement does not refer to the security deed or the funds in escrow, the bank contends that this agreement constituted an assignment to it of the FHA's security deed and the escrow fund.

Loans were made by the bank to the contractor in the amount of $11,000. Johnson Builders Supplies ("supplier") furnished materials used in the construction of the house. A dispute arose between the owners and the contractor and the construction was not completed. The supplier filed a materialmen's lien on the house. The owners filed suit against the contractor and the supplier to terminate the contract and cancel the lien. The contractor asked for a judgment against the owners for the cost of construction. The supplier requested a judgment against the contractor and a lien on the house for the amount of material furnished. The suit resulted in a jury verdict on November 6, 1974, for the contractor against the owners in the amount of $12,500, and for the supplier against the contractor, with a lien on the house, in the amount of $7,949.09.

On April 17, 1974, the bank filed suit against the contractor for the $11,000 loan plus interest and attorney fees. The owners and FHA were made defendants. The bank requested the appointment of a receiver to sell the property and collect the money owed to the bank. The case was removed by FHA to the district court. The contractor filed for bankruptcy. The district court ordered the FHA to have the house completed out of the funds in the escrow account. This was done, leaving $12,530 in the account. FHA was dismissed as a party and the case was remanded to superior court on April 7, 1975. This action was taken by the district court pursuant to its finding that there was

20, 1972, entered into between myself and Bill Mobley & Eula E. Mobley of Washington, Georgia, be made payable jointly to myself and Washington Loan & Banking Company."

no indication in the agreement, which the bank contended was an assignment of the FHA security deed, that the agreement intended to transfer any security interest to the bank and that the bank, therefore, had no valid claim against the FHA.

The trustee-in-bankruptcy for the contractor intervened as a party defendant in the court below. The supplier joined as a party defendant. The bank amended its petition to ask that the judgment in favor of the contractor against the owners and the lien held by the supplier be canceled, and that the money in the escrow account be paid to the bank. The trustee requested that he receive the money in the escrow account to administer in bankruptcy. The supplier requested that it receive money from the escrow account to the extent of its judgment against the contractor in the amount of $7,949.09, plus interest. A motion for summary judgment for the supplier as to the $7,049.09 was granted, and the court directed that the rest of the money in escrow be paid to the trustee and the judgment against the owners be canceled. The supplier's request for interest was denied because the rate of interest was not shown on the execution entered in the earlier case, although the judgment did state "with interest from 7th day of January, 1974."

The bank appeals the overruling of its motion for summary judgment, the grant of summary judgment for the supplier and the award of the remainder of the escrow account to the trustee. The bank contends that the court erred in construing the document providing for jointly payable checks to be unenforceable and void, in rendering its December 3, 1975 judgment without findings of fact and conclusions of law, in refusing to appoint a receiver for the FHA money or to direct payment to the bank, in construing the lien held by the supplier to be a claim to the funds, and in entering summary judgment for the supplier when the pleadings and motion revealed issues of fact to be tried. The supplier appeals the denial of interest on its judgment. The trustee has not appealed. The owners have not appeared in this court.

The bank argues that its claim to the escrow account is superior to all other claims because of the agreement which provided that payments earned under the

construction contract would be paid jointly to the contractor and the bank. The bank's contention is that the intent of this agreement was to assign the security deed and all rights to this fund to the bank and that the contractor had no interest for the trustee to administer. The bank argues that this assignment takes priority over the supplier's subsequently recorded materialmen's lien. The district court made a specific finding that there is no indication that this agreement intended to convey title in the security deed to the bank. It appears that, notwithstanding remand, the dismissal of FHA by the district court based upon interpretation of this agreement was appealable. City of Waco v. United States Fidelity & Guaranty Co., 293 U. S. 140 (55 SC 6, 79 LE 244) (1934). It therefore is res judicata. *Chilivis v. Dasher,* 236 Ga. 669.

Moreover, the decision of the district court was correct. The joint payee request did not constitute an assignment of FHA's security deed for the reason that it did not identify such security deed and did not purport to be signed by the grantee. Code Ann. § 67-1305.1. For similar reasons, the joint payee request did not constitute an assignment of the contractor's interest in the escrow account. It did not identify such escrow account and did not contain words showing any intent to make an assignment; i.e., did not contain words seeking to pass title in the escrow fund. See Code Ann. § 67-1706.

It follows that the trial court did not err in finding that the bank did not have title to the escrow fund. The bank therefore lacks standing to complain of the disposition of that fund.

We turn now to the supplier's cross appeal urging that the trial court erred in not allowing interest on its judgment. The November 7, 1974 judgment, awarding the amount of the lien to the supplier, provided that the supplier should receive $7,949.09 "plus interest from January 7, 1974." In denying interest, the trial judge stated that the rate was not shown on the execution. By supplement to the record, it appears that the supplier's fi. fa. recorded November 22, 1974, shows only principal of $7,949.09 and costs; i.e., the fi. fa. records no claim for interest for the period from January 7, 1974.

Code Ann. § 39-701 provides that, as against third

parties, money judgments shall operate as a lien on the defendant's property when entered on the general execution docket. It follows that a money judgment for principal and interest entered on the G.E.D. as to principal only, operates as a lien only as to the amount so entered.

Although the supplier may be able to claim interest in the bankruptcy proceeding, the trial court did not err in refusing to award interest on the judgment from January 7, 1974, from the escrow fund.

*Judgments affirmed. All the Justices concur.*

Argued February 9, 1976 — Decided May 5, 1976.

*Lawson E. Thompson,* for appellant (case no. 30785).
*Orr & Kopecky, Melvin P. Kopecky, Walton Hardin, Jean William Pierce,* for appellees (case no. 30785).
*Orr & Kopecky, Melvin P. Kopecky,* for appellant (case no. 30835).
*Lawson E. Thompson, Walton Hardin, Jean William Pierce,* for appellees (case no. 30835).