## 32905. HASSELL v. CITIZENS & SOUTHERN NATIONAL BANK et al.

UNDERCOFLER, Presiding Justice.

The Citizens & Southern National Bank, as co-trustee of a trust established under the will of George B. Fowler, brought this declaratory judgment action for construction of the terms of the will. The trial court granted partial summary judgment in favor of George Ann Fowler Underwood, Fowler's daughter by his first marriage. Mary Gene Fowler Hassell, his daughter by his second marriage appeals. The will was executed in 1951. At that time George Ann was 22 years old; Mary Gene was 7 and her younger brother George Henry was 2.

1. George B. Fowler's will contained the following provisions: "Item V. I wish to record here that I have named my daughter, George Ann Fowler, who is now attending Birmingham Southern College, Birmingham, Alabama, as beneficiary of Metropolitan Life Insurance policy No. 7, 404, 698-C in the amount of $2,500. She is now engaged to and will soon marry John Underwood of Birmingham, Alabama, who is well able to give her all the comforts of life, but I nevertheless want her to have this money to use as she sees fit. Item VI. All the rest, residue and remainder [other than certain bequests to his second wife] . . . I give, devise, bequeath and appoint to the Citizens and Southern National Bank and my said wife, Edythe Matthews Fowler, as trustees, upon the uses and trusts hereinafter set out. In this connection, I wish to point out that I have made all my life insurance policies, with the exception of the one mentioned in the preceding item, payable to my estate. The proceeds from these policies will furnish the bulk of the assets to be managed by my said trustees . . . (e) My daughter, George Ann Fowler, is not to have a share in my estate other than that already provided in Item V." The other provisions of the

trust are explained in terms of "my oldest child."

The bank, as trustee, contends that since George Ann Fowler Underwood is the "oldest child" of the testator, she was intended to receive a child's share of the trust. We cannot agree. The language of the will is clear and unambiguous to this court. George Ann Fowler Underwood was to inherit only the proceeds of the insurance policy.

The trial court erred in granting partial summary judgment and must be reversed.

2. Appellant Hassell also argues that this case is not appropriate for declaratory judgment. The bank has presented a justiciable controversy between adverse parties as is evident from the pleadings and record in this case. Code Ann. § 110-1101. Compare *Stephens v. First Nat. Bank,* 222 Ga. 423 (150 SE2d 865) (1966) with *Kaylor v. Kaylor,* 236 Ga. 777 (225 SE2d 318) (1976) and *Rowan v. Herring,* 214 Ga. 370 (105 SE2d 29) (1958). There is thus no merit to this enumeration of error.

Appellant's enumerations of error 5 and 6 relate to the denial of her motion for summary judgment. Under our ruling in *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (229 SE2d 753) (1976), she properly made application for interlocutory appeal, which was granted. See also *Stallings v. Chance,* 239 Ga. 567 (1977). She, however, has failed to file a notice of appeal and thus we cannot consider these enumerations of error. Additionally, they have not been argued in her brief and are deemed abandoned under Rule 18 (c) (2).

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only as to Division 2. Nichols, C. J., disqualified.*

SUBMITTED OCTOBER 14, 1977 — DECIDED NOVEMBER 2, 1977 — REHEARING DENIED NOVEMBER 29, 1977.

*Anderson, Walker & Reichert, Thomas W. Talbot, William F. Ladson, Jr.,* for appellant.

*Blackburn & Bright, J. Converse Bright, Tillman, Brice, McTier, Coleman & Talley, B. Lamar Tillman,*

*Barham & Bennett, Ed G. Barham,* for appellees.