### 34514. ATKINS v. ZACHARY.

BOWLES, Justice.

A mother is seeking to hold her former husband, hereinafter father, in contempt of court for failure to pay child support during the time their children were visiting with the father. The father was permitted six weeks visitation in the summer by a modification of the parties' original divorce decree. He paid a portion of the child support during that time but withheld $450.

The trial court refused to hold the father in contempt saying that "custody follows visitation" and that while the father had "custody" of his children, he was not required to pay child support to the mother. The trial court also denied attorney fees to the mother.

We reverse.

The party awarded permanent custody of minor children is the only party with "custody" of the children until changed by court order. Visitation rights (even extensive visitation rights) do not constitute custody. Language taken out of context from *Nodvin v. Nodvin*, 235 Ga. 708 (221 SE2d 404) (1975) that "A change in visitation amounts to a change in custody in legal contemplation. . ." does not mean "custody follows visitation" as urged by appellee. Rather that was a simple statement of the fact that (as in that case) when one party is granted an increase in visitation rights, the other

party's custodial rights are necessarily affected. They are, in fact, diminished. It does not mean that the party with whom the children are visiting has "custody" of them.

Unless a court order provides that child support payments are to abate while minor children are visiting with their father, such child support payments do not abate. *May v. May,* 229 Ga. 832 (195 SE2d 7) (1972). Furthermore, the father cannot credit himself with any amount he voluntarily spends on the children while they are with him. *May v. May,* supra. *Taylor v. Taylor,* 216 Ga. 767 (119 SE2d 571) (1961). Consequently, the father here still owes $450 in back child support payments to the mother which must now be paid.

The father does not deny that he is and has always been able to fully pay his child support. There being no justifiable reason for refusing to make his payment, it was error to fail to find him in contempt of court and consider the question of attorney fees to the mother. *May v. May,* supra. A hearing must be had below to determine the question of attorney fees. See in this regard, Code Ann. § 30-202.1 and *Evans v. Evans,* 242 Ga. 57 (247 SE2d 857) (1978) (Bowles, J., dissenting).

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED FEBRUARY 2, 1979 — DECIDED APRIL 5, 1979.

*N. William Pettys, Jr.,* for appellant.
*Kenneth W. Carpenter,* for appellee.