## 36391. JAMES v. JAMES.

BOWLES, Justice.

The parties were divorced in 1979. Custody of the two minor children was awarded to the father with visitation rights in the mother. The trial court ordered the father to pay the mother $15.00 per day for each day the children visited her. Father contends that this is an unauthorized award of child support to a non-custodial mother.

We find that a trial court, in the exercise of its discretion, may properly order a custodial parent to pay for the support of minor children while visiting with the non-custodial parent. In making decisions about child custody and child support, the trial court is charged with considering the welfare of the child. The court could conclude that the best interest of the child requires that money be provided the non-custodial parent to provide for a proper visitation.

Code Ann. § 30-207 provides: "In its final verdict or decree, the trier of fact shall specify in what amount and from which party the minor children are entitled to permanent support. The final verdict or decree shall further specify in what manner, how often, to whom, and until when such support shall be paid . . ." The legislature did not specify that only non-custodial parents are to pay child support. *Atkins v. Zachary,* 243 Ga. 453 (254 SE2d 837) (1979) and *Summers v. Summers,* 212 Ga. 614 (94 SE2d 725) (1956) cited by the father, do not require a different result.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 20, 1980 — DECIDED SEPTEMBER 4, 1980.

*William M. Schiller,* for appellant.
*William T. Beard, James E. Hardy,* for appellee.