A99A1270. EXCEL DESIGN & CONSTRUCTION, INC. v. AUTRY.
(523 SE2d 658)

MILLER, Judge.

Subcontractor Leon Autry sued general contractor Excel Design & Construction and the Georgia Islamic Institute of Religious & Social Sciences for breach of contract for failure to compensate him for services he performed. After a bench trial, the court dismissed Autry's claims against the institute, finding that there was insufficient evidence of an enforceable contract between the two parties. But the court found that Excel had a contract with Autry, which it breached. Excel appeals, contending that there was insufficient evidence to support the trial court's rulings on the existence of the contracts. Because some evidence supported the finding of an Excel contract but not an institute contract, we affirm.

In a bench trial, the trial court sits as the trier of fact, and its

findings shall not be disturbed unless clearly erroneous.[1] Since the clearly erroneous test is the same as the any evidence rule, we will not disturb factfindings of the trial court if there is any evidence to sustain them.[2]

Excel hired Leon Autry to do construction work on property owned by the institute. Autry testified that after performing his duties under the first contract, he entered into a second agreement with Excel, through its representative Cedric Drayton, to do additional work for $9,000. Excel claims that the document was not approved by the proper parties and that Drayton was no longer representing Excel when the contract was signed. But Autry testified that Drayton told him that he represented both Excel and the institute and that the president of Excel, Emmanuel Abua, not only directed Drayton to prepare a second contract, but was also present when Drayton signed the contract. The director of the institute testified that neither he nor anyone acting on the institute's behalf was involved in any negotiation with Autry. He further testified that although the institute's contract with Excel was terminated on August 7, Excel was still responsible for completing some work, which included the supervision of Autry's work.

There was some evidence to support the court's finding of the existence of a second contract between Autry and Excel and the finding that there was no contract between Autry and the institute.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 20, 1999.

*Gerard D. Hegstrom*, for appellant.
*Russell T. Bryant*, for appellee.

---

[1] OCGA § 9-11-52 (a).
[2] *Lancaster v. USAA Cas. Ins. Co.*, 232 Ga. App. 805 (1) (502 SE2d 752) (1998).