## A01A0093. LEE v. COLLINS.
(547 SE2d 583)

MIKELL, Judge.

James F. Collins filed a petition in the Probate Court of Fannin County seeking removal of an obstruction from a private way traversing Robert E. Lee's property. The probate court ordered Lee to remove the obstruction. Lee appealed to the superior court, which conducted a bench trial and issued a judgment in favor of Collins. Lee appeals. We affirm the judgment.

The record shows that Collins signed a contract to purchase a 2.03-acre tract of land in Fannin County on September 30, 1989. Collins and his family took possession of the property and began residing in a cabin there on the weekends within two weeks of signing the contract. Since that time, Collins, his family, and their guests have accessed Collins' property via a road which traverses the property currently owned by Lee. Collins has continuously maintained the road by having it scraped, having gravel put on it, replacing a drainage gutter, and removing limbs and rocks. Collins had no significant difficulties with the previous owners of the property traversed by the road.

Lee purchased the property on which the road is located on October 14, 1999. He immediately sent a letter informing Collins that he planned to close the road and place a gate across it. Subsequently, a gate was erected across the road preventing Collins from accessing his cabin.

Collins filed a petition for removal of an obstruction from a private way in the Probate Court of Fannin County, pursuant to OCGA § 44-9-59 (a), on November 5, 1999. Attached to the petition was a rule nisi scheduling a hearing for November 22, 1999. Lee was served with the petition and rule nisi on November 16, 1999; therefore, he was afforded more than three days notice of the hearing as required by the statute.

Lee filed a motion to transfer, arguing that the Fannin County court did not have jurisdiction to hear the matter because Lee was a resident of Fulton County. Lee appeared before the probate court on November 22, and the court denied the motion to transfer. Lee then refused to participate in the hearing on Collins' petition and left the courtroom. The probate court heard Collins' evidence and issued an order containing findings of fact and conclusions of law on November 30, 1999. The court ruled in Collins' favor and ordered Lee to remove

the obstruction from the private way within 48 hours. After the order was entered, Lee filed an answer to the original petition.

Lee appealed the decision of the probate court to the Superior Court of Fannin County, pursuant to OCGA § 44-9-59 (b). The superior court initially reviewed the probate court's denial of Lee's motion to transfer and conducted a hearing on January 20, 2000. The superior court concluded that jurisdiction had been proper in the Probate Court of Fannin County, and that the case was properly before the superior court on appeal. The superior court certified the matter for immediate review; however, this Court denied the application for interlocutory appeal.

The matter came before the superior court for a bench trial on May 8, 2000. After hearing the evidence, the superior court ruled that Collins possessed a private way by prescription which traversed Lee's property.

1. In his first enumerated error, Lee argues that the probate court and superior court erred in refusing to transfer the case to Fulton County where Lee resides. This argument has no merit.

The applicable Code sections are abundantly clear that the probate court of the county in which an alleged private way is located has jurisdiction over an action for the removal of obstructions from that private way. First, with regard to the jurisdiction of the probate court, OCGA § 15-9-30.1 provides:

> Notwithstanding any local law or other law conferring jurisdiction on any other tribunal, the judges of the probate courts shall have the jurisdiction, concurrent with any such tribunals, in all cases in their counties involving the removal of obstructions from roads, as provided in subsection (a) of Code Section 44-9-59.

OCGA § 44-9-59 (a) provides:

> In the event the owner or owners of land over which a private way may pass . . . obstructs, closes up, or otherwise renders the private way unfit for use, the party . . . injured by the obstructions or other interference may petition *the judge of the probate court in the county where the private way has been in use* to remove the obstructions. . . .

(Emphasis supplied.)

It is undisputed that Lee's property, which is traversed by the private way at issue, is located in Fannin County. Therefore, Collins properly brought this action in the probate court of that county. Furthermore, OCGA § 44-9-59 (b) provides that a party who is dissatisfied with the judgment of the probate court regarding a petition for

removal of obstructions may appeal to the superior court as a matter of right. Thus, the case was properly before the Superior Court of Fannin County on appeal, and neither court erred in denying Lee's motion to transfer.

2. Next, Lee argues that the superior court erred in denying his motion to dismiss this action. Again we find no error.

In open court prior to the start of the bench trial, Lee stated, "I would be remiss if I did not move for dismissal of this complaint based on the complaint itself." Presumably, Lee's motion to dismiss was one for failure to state a claim upon which relief can be granted. OCGA § 9-11-12 (b) (6). As a preliminary matter, we note that a motion to dismiss for failure to state a claim can be considered although it is not in writing when it is made at the trial. *Irvin v. Lowe's of Gainesville*, 165 Ga. App. 828, 829 (1) (302 SE2d 734) (1983). See also OCGA § 9-11-12 (h) (2).

Lee argued that the action should be dismissed because Collins did not actually acquire title to his property until July 9, 1993. According to Lee, Collins could not demonstrate that he had been in uninterrupted use of the road for seven years or more, as required to establish the existence of a private way by prescription. See *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360 (434 SE2d 477) (1993).

A motion to dismiss may be granted only where a plaintiff would not be entitled to relief under any set of facts that could be proven in support of his claim. *Mattox v. Yellow Freight Systems*, 243 Ga. App. 894 (534 SE2d 561) (2000). Applying this standard to Collins' petition, the trial court did not err by denying the motion to dismiss. Collins alleged that he had been in continuous use of the private way for more than seven years; therefore, he sufficiently stated a claim for relief. Whether Collins could prove his allegation was a question for the factfinder.

3. Lee argues that the trial court erred in concluding that Collins possessed a private way traversing Lee's property. We disagree.

In a bench trial, the trial court sits as the trier of fact, and we will not disturb its findings unless they are clearly erroneous. OCGA § 9-11-52 (a). Furthermore, "[s]ince the clearly erroneous test is the same as the any evidence rule, we will not disturb factfindings of the trial court if there is any evidence to sustain them." *Excel Design & Constr. v. Autry*, 240 Ga. App. 448-449 (523 SE2d 658) (1999).

In order to establish the existence of a private way and to maintain an action for removal of an obstruction of that private way, the petitioner must show the following: (1) that he has been in uninterrupted use of the alleged private way for seven years or more; (2) that the private way does not exceed twenty feet in width, and that it is the same twenty feet originally appropriated; and (3) that he has kept the private way in repair during the period of use. *Eileen B.*

*White*, supra at 360; OCGA § 44-9-59 (a). The superior court concluded that Collins met these requirements, and we find evidence to support each of the superior court's findings.

First, the trial court determined that Collins and his guests have used the road in question consistently on weekends for a period in excess of seven years. This finding is supported by the contract to purchase the land Collins signed on September 30, 1989, and his testimony that he and his family began using the road within two weeks of signing the contract. Lee emphasizes that Collins did not actually obtain title to his property until July 9, 1993, when the deed to the property was transferred to Collins after he completed payment as provided in the contract. Contrary to Lee's argument, however, there is no requirement that Collins actually own the property where his cabin was located as a condition precedent to his adverse usage of the private way for seven years. See OCGA § 44-9-59 (a); *Eileen B. White*, supra at 360. Therefore, the superior court properly concluded that the first requirement had been satisfied.

Next, the court determined that the road was ten feet wide. This finding is supported by Collins' testimony, as well as the trial judge's personal observation of the road. Lee challenges this determination based on the fact that the road was expanded by the previous owner of Lee's property to create a "turn around" in front of his cabin. The superior court rejected this argument, finding that the area expanded to create a "turn around" was not a part of the road. Because there is evidence to support the court's conclusion, we will not disturb it.

Third, the court found that Collins had maintained the road. This finding is supported by Collins' testimony that he has had the roadway scraped, has had gravel put on it, has replaced a drainage gutter, and has removed limbs and rocks.

Because there was evidence to support the trial court's findings, we find no error.

4. Finally, Lee contends that the case should be remanded for the court to enter findings of fact and conclusions of law. This enumerated error is without merit.

OCGA § 9-11-52 (a) provides that in all nonjury trials, "the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law." Parties may also file a request for such findings of fact and conclusions of law within 20 days after entry of judgment. OCGA § 9-11-52 (c). Lee filed a request, and he contends on appeal that the court failed to adequately state its findings of fact and conclusions of law.

We conclude that the superior court's judgment fully complies with the requirements of OCGA § 9-11-52. The court separately articulated its findings of fact and corresponding conclusions of law.

Therefore, Lee's argument presents no basis for remand.
*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MARCH 5, 2001 —
RECONSIDERATION DENIED MAY 23, 2001

*Robert E. Lee*, pro se.
*Little & Drost, Bryan C. Drost*, for appellee.