## S01A1733. DELBELLO et al. v. BILYEU.
### (560 SE2d 3)

THOMPSON, Justice.

This case is on appeal from a ruling on a petition for declaratory judgment brought in the Probate Court of Fulton County, seeking a construction of certain provisions of the last will and testament of Robert A. Delbello. For the reasons which follow, we affirm.

Three beneficiaries are named in the will: Appellants Thomas Michael Delbello and Julia Barksdale, who are the brother and mother of the testator; and Dexter Varnum who was the domestic partner and eventual caretaker of the testator, and the original appellee to this action.[1]

After the will was probated, the executor of Delbello's estate advised the parties that he was uncertain as to his legal obligation with respect to two items specified in the will. Varnum brought a petition for declaratory judgment asserting that an actual controversy exists between himself and the other heirs, and seeking direction as to: (1) whether an outstanding mortgage, real estate commissions, and other closing costs pertaining to the sale of certain real property owned by the estate (846 St. Charles Avenue) should be paid from the proceeds of the sale of the property, or whether the debts should be paid proportionately out of all estate assets; and (2) whether certain estate assets (primarily consisting of brokerage and bank accounts) are included within the category of "personal property" devised to Varnum in Item III (B) of the will.

As to the first issue, the probate court determined that the costs pertaining to the sale of the real property should be treated in the same manner as all other debts. The basis for this decision was the absence of a provision in the will stating that the bequest of that property should bear all of the costs of the sale and outstanding indebtedness. The court then determined that the appropriate source

---

[1] Subsequent to the docketing of this appeal, the Court was notified of the death of Dexter Varnum on November 26, 2001. At the request of Varnum's estate, his executor, Keith F. Bilyeu, is hereby substituted as appellee to this action.

for payment of those costs was Item I (B) of the will, which provided that all of the testator's "lawful debts . . . shall be paid out of" the estate. This ruling favored the appellants.

As to the second issue, the court determined that all of the funds and accounts owned by the testator at the time of his death are personal property to be distributed solely to Varnum pursuant to Item III (B) of the will. The probate court's decision as to this issue is based on the testimony of the scrivener of the will, attorney Randie Siegel. She testified that the testator communicated to her that the only part of the estate that was to be divided among the three beneficiaries was the St. Charles Avenue property; all other assets were to go to Varnum.

1. We reject appellants' assertion that the findings and conclusions of the probate court that certain assets of the estate are to be included within the "personal property" of the testator are without evidentiary support.

A trial court's factual findings in a non-jury trial may not be set aside unless clearly erroneous. OCGA § 9-11-52 (a); *Sadler v. First Nat. Bank*, 267 Ga. 122 (2) (475 SE2d 643) (1996). "Furthermore, 'since the clearly erroneous test is the same as the any evidence rule, we will not disturb factfindings of the trial court if there is any evidence to sustain them.' [Cit.]" *Lee v. Collins*, 249 Ga. App. 674, 676 (3) (547 SE2d 583) (2001).

Because the scrivener of the will testified as to the testator's intentions regarding the meaning of the term "personal property," there was evidence presented to support the findings of fact by the probate court, notwithstanding contrary testimony from appellant Delbello. See *Blakeman v. Harwell*, 198 Ga. 165, 175 (6) (31 SE2d 50) (1944) (term "personal property" can include money, stocks, bonds, and similar intangibles if the testator so intended). Accordingly, we will not disturb the court's ruling. See *Lee*, supra.

2. Any complaint that appellants were deprived of a jury trial is without merit in view of their failure to assert a timely request therefor under OCGA § 15-9-121 (a). See *Harvey v. Sullivan*, 272 Ga. 392 (1) (529 SE2d 889) (2000); *In re Woodall*, 241 Ga. App. 196 (2) (d) (526 SE2d 69) (1999). In addition, appellants' objection below to the declaratory judgment proceeding was based on ripeness and standing, not on the issue of a demand for jury trial. Because the issue was not raised in the probate court, it will not be considered on appeal. See *Taylor v. Mosley*, 252 Ga. 325 (2) (314 SE2d 184) (1984).

3. Finally, we reject appellants' assertion that declaratory judgment was premature and not ripe for decision because no parties had asserted adverse claims against the estate, nor had a state of facts accrued, such that a legal decision should be sought or demanded.

OCGA § 9-4-4 (a) (3) permits an heir or legatee to seek a declara-

tion of rights "[t]o determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." "[E]very executor is entitled to judicial guidance as to what property he is called upon to administer as that of his testator when the question is subject to doubt and plausible contrary contentions of the parties at interest." *Stephens v. First Nat. Bank,* 222 Ga. 423, 426 (150 SE2d 865) (1966). Here, the executor expressed uncertainty as to the administration of the estate, necessitating the construction of the will. The application of OCGA § 9-4-4 is clearly authorized. *Hassell v. Citizens & Southern Nat. Bank,* 240 Ga. 285 (2) (240 SE2d 35) (1977); *Stephens,* supra. Compare *Taylor,* supra (OCGA § 9-4-4 inapplicable where issues raised go only to venue and the issuance and revocation of letters of administration).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 11, 2002.

*Joyce D. Colmar,* for appellants.
*Stephen J. Berk, James T. Farrell,* for appellee.