## S03A1432. BROWN v. BROWN et al.
### (592 SE2d 854)

FLETCHER, Chief Justice.

Florrie Brown, the executrix of Bobby Brown's purported last will and testament, appeals the DeKalb County Probate Court's order denying probate of the purported will. The probate court, acting as the finder of fact, found that Bobby Brown's signature on the will was a forgery. Because the probate court's finding is not clearly erroneous, we affirm.

Upon the petition of Florrie Brown, the named executrix, Bobby Brown's will was probated in common form.[1] Subsequently, Lori Brown, Bobby's estranged wife, filed a petition to compel the propounder to file for probate in solemn form, which the probate court granted. Lori Brown and Chansity Brown, Bobby's daughter, filed caveats to the solemn form probate petition.

1. During trial, Lori Brown testified about her familiarity with Bobby Brown's signature and the differences between his true signature and the signature on the will. Lori Brown also presented the testimony of a handwriting expert, who compared the signature on the will to Bobby Brown's known signatures and confirmed that the signature on the will was a forgery.

A will is invalid if it is not signed by the testator.[2] The probate court's findings of fact will not be set aside unless clearly erroneous.[3] As there was ample evidence to support the fact that the testator's

---

[1] See OCGA § 53-5-15 et seq.
[2] OCGA § 53-4-20 (a).
[3] *Delbello v. Bilyeu*, 274 Ga. 776, 777 (560 SE2d 3) (2002).

purported signature was a forgery, this Court will not disturb the probate court's findings.[4]

2. Florrie Brown also challenges the probate court's decision to grant Lori Brown a continuance during trial in order to present the testimony of the handwriting expert. The expert had given a deposition in the case more than two months before trial, and had offered the same opinion during the deposition that he gave at trial. Florrie Brown had ample opportunity to respond to the expert's opinion, and the probate court did not abuse its discretion in granting the continuance.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2003.

*Clifford H. Hardwick*, for appellant.
*Boykin Edwards, Jr.*, for appellees.

---

[4] The probate court also found that the will was improperly executed because Bobby Brown's purported signature was in the wrong place on the will. There is, however, no requirement that the testator's signature be located in any particular place within the document, only that the writing be signed with testamentary intent. *Miles v. Bryant*, 277 Ga. 362 (589 SE2d 86) (2003). This error does not affect the probate court's conclusion that the will is invalid because the purported signature of the testator is a forgery.

[5] *Johnson v. State*, 275 Ga. 650, 652 (571 SE2d 782) (2002).