S07F1422. LaFONT v. ROUVIERE.
(656 SE2d 522)

BENHAM, Justice.

This appeal is from a final decree of divorce awarding custody of the parties' minor child to her mother, Rouviere. The parties are French citizens who have resided in the United States since before they married in 2000. LaFont filed for divorce in 2005 when the child was three years old and obtained an interim order giving him exclusive custody. After a period of de facto shared custody, the trial court formalized that arrangement. At the bench trial of their divorce, the parties produced conflicting evidence regarding their conduct and fitness as parents. In a post-trial interim order, the trial court awarded full custody of their child to LaFont, but the final decree awarded joint legal custody with physical custody being awarded to Rouviere, including permission to move to France to live. LaFont's timely-filed application for discretionary review of the final judgment and decree of divorce was granted in accordance with this Court's Family Law Pilot Project, pursuant to which this Court grants all non-frivolous applications seeking discretionary review of a final judgment and decree of divorce. *Maddox v. Maddox*, 278 Ga. 606, n. 1 (604 SE2d 784) (2004).

1. Although the parties waived findings of fact, the trial court set out a brief recitation of facts regarding the issues of custody, visitation, and support, reading in pertinent part as follows:

> The Mother has no employment in the United States and is not, at this time, able to procure gainful employment in the United States. . . . The Court, through the testimony of the parties, witnesses, and in speaking with the minor child, is aware of the special bond that exists between this child and her Mother and the extensive amount of time the Child has spent in France with her Mother from the time of her birth until the present. There is no question that the child is bonded to her Mother and her nuclear family, and that the Mother of the child has been the primary caretaker and custodian of the Child for the majority of the Child's life. Furthermore, the child has a special relationship with the Mother's extended family in France.

In five enumerations of error, LaFont takes issue with the trial court's findings of fact. Those enumerations

> amount to a challenge of the trial court's assessment of the evidence. "In the appellate review of a bench trial, this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses." [Cit.]

*Frazier v. Frazier*, 280 Ga. 687, 690 (4) (631 SE2d 666) (2006). "Furthermore, since the clearly erroneous test is the same as the any evidence rule, we will not disturb factfindings of the trial court if there is any evidence to sustain them." (Citations and punctuation omitted.) *Delbello v. Bilyeu*, 274 Ga. 776, 777 (1) (560 SE2d 3) (2002). Regarding her employment prospects in the United States, Rouviere presented evidence that she did not have a permit to work in the United States at the time of trial. Testimony that the child went to France with her mother each summer and has spent approximately one-third of her life in France supported the trial court's statement about "the extensive amount of time the Child has spent in France with her Mother from the time of her birth until the present." Rouviere's testimony about her daughter's relationship with Rouviere's father and his provision of child care while Rouviere worked with her mother, and about her daughter's time spent with Rouviere's family in France supported the trial court's statements about the bond and special relationship between the child and Rouviere's

family. Rouviere and a psychiatrist chosen by the guardian ad litem to evaluate the parties and their child testified that Rouviere had been the primary caretaker of the child, and Rouviere's testimony supported the existence of a close bond between her and her daughter. Since there was some evidence supporting each of the statements with which LaFont takes issue, the findings made by the trial court in this case were not clearly erroneous and we will not disturb them.

2. LaFont also contends the trial court applied an incorrect standard to the custody decision in this case, awarding custody to Rouviere solely on the basis of the special bond between the child and her mother rather than on the basis of the best interests of the child.

> In a contest between parents over the custody of a child, the trial court has a very broad discretion, looking always to the best interest of the child, and may award the child to one even though the other may not be an unfit person to exercise custody or had not otherwise lost the right to custody. . . . Where in such a case the trial judge has exercised his discretion, this court will not interfere unless the evidence shows a clear abuse thereof. . . . In a case such as this, it is the duty of the trial judge to resolve the conflicts in the evidence, and where there is any evidence to support his finding it cannot be said by this court that there was an abuse of discretion on the part of the trial judge in awarding custody of the minor child to the [mother]. [Cit.]

*Urquhart v. Urquhart*, 272 Ga. 548, 549 (1) (533 SE2d 80) (2000). Here, the trial court heard evidence regarding LaFont's adulterous conduct, as a result of which he left the family; testimony that LaFont exercised poor judgment in taking the child to live with him and his mistress following an episode in which Rouviere took an overdose of prescription medicine which a psychiatrist testified was a suicidal gesture, not an attempt to end her life; and evidence supporting Rouviere's claim of the close relationship between her and her daughter and between her daughter and Rouviere's family in France. Contrary to LaFont's assertion that the trial court based its custody decision solely on that relationship, the trial court expressly recited in its order that the standard it was applying was the best interests of the child. That being so, LaFont's assertion the trial court employed an erroneous standard is without merit. Perceiving no abuse of discretion in the trial court's custody award, we are obliged to affirm its judgment. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

*Michael E. Manely*, for appellant.

*Michael D. McChesney, Amy H. McChesney, Nedra L. Wick*, for appellee.