## S08F1582. REMBERT v. REMBERT.
(674 SE2d 892)

HINES, Justice.

Angela Enslen Rembert ("Wife") appeals from the trial court's order denying her motion for a new trial in her divorce from David John Rembert ("Husband").[1] For the reasons that follow, we affirm.

The couple was married in 1998, and had two children, one born in 2001, and one in 2003. Wife filed a complaint for divorce on July 28, 2006. After a hearing, a final judgment and decree of divorce was entered on September 24, 2007; it gave Husband and Wife joint legal custody of the children, named Husband the primary physical custodian, and stated that he would have final decision-making authority on all matters involving the children, "including the school they attend, membership in organizations, and other extracurricular activities."[2] Wife moved for a new trial, and the trial court amended its order, specifying that the parties were to participate equally in making major decisions regarding the children, "as required under OCGA § 19-9-6 (2)," and that Husband was not to exercise his authority to make final decisions on these types of major issues without discussing them with Wife and taking into account her views and recommendations. The court later entered an order denying the motion for new trial.

1. Wife contends that the trial court's order is infirm because it purports to grant joint legal custody but does not actually do so, in that "full" decision-making authority rests with Husband. First, the court's order states that Husband has "final" decision-making authority. Second, under OCGA § 19-9-6 (2),

> "[j]oint legal custody" means both parents have equal rights and responsibilities for major decisions concerning

---

[1] This Court automatically granted Wife's discretionary appeal pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

[2] The decree also set forth visitation rights, required Wife to pay child support in the amount of $750 per month, and detailed the equitable division of property.

the child, including the child's education, health care, extracurricular activities, and religious training; provided, however, that the judge may designate one parent to have sole power to make certain decisions while both parents retain equal rights and responsibilities for other decisions.

"The language of that statute clearly vests in the trial court's discretion to decide which parent should be empowered to make final decisions where the parents are unable to agree." *Frazier v. Frazier*, 280 Ga. 687, 690 (3) (631 SE2d 666) (2006). As in *Frazier*, these parties disagree regarding the children's education. Here, Husband wants the children to attend the private school in which they had been enrolled for several years, while Wife wants them to attend a school in a neighboring county. Thus, it is unlikely that they will agree on these issues; the need to designate a final decision-maker is apparent; and the trial court did not abuse its discretion in selecting the primary custodial parent as that decision-maker. Id.

2. Wife contends that the trial court did not act in the best interest of the children in naming Husband as their primary physical custodian, contending that she was at least as equally fit to serve in that role. See OCGA § 19-9-3 (a) (3).

In a contest between parents over the custody of a child, the trial court has a very broad discretion, looking always to the best interest of the child, and may award the child to one even though the other may not be an unfit person to exercise custody or had not otherwise lost the right to custody. . . . Where in such a case the trial judge has exercised his discretion, this court will not interfere unless the evidence shows a clear abuse thereof. . . . In a case such as this, it is the duty of the trial judge to resolve the conflicts in the evidence, and where there is any evidence to support his finding it cannot be said by this court that there was an abuse of discretion on the part of the trial judge in awarding custody of the minor child to the [father]. [Cits.]

*LaFont v. Rouviere*, 283 Ga. 60, 62 (2) (656 SE2d 522) (2008).

The trial court heard testimony regarding Wife's romantic involvement with a married man, dating to a time before she filed for divorce, and her stated intention to marry him, if and when he gained a divorce. She also intended to spend the next 18 months as a full-time student securing a bachelor's degree and then attend law school at the University of Georgia, also full-time. After separating from Husband, she borrowed $43,000 to buy an automobile. There was also evidence that she had made a threat to the life of a neighbor.

Husband testified that he intended to remain in the marital home, and was seeking to transfer from his position as a commercial airline pilot to a position in the flight training department, with a more regular schedule. As there is evidence to support the decision of the trial court, this Court will not substitute its judgment for that of the trial court, and will not declare that there was an abuse of discretion. *Bull v. Bull*, 280 Ga. 49, 50 (1) (622 SE2d 326) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 23, 2009 —
RECONSIDERATION DENIED APRIL 10, 2009.

*McKee & Mitchell, Sammie M. Mitchell*, for appellant.
*Wood, Odom & Edge, Gus L. Wood III*, for appellee.