## S09F0505. PATEL v. PATEL.

(677 SE2d 114)

HUNSTEIN, Presiding Justice.

Dhiraj Patel ("Husband") filed for divorce from Kapila Patel ("Wife") after 22 years of marriage. Following a bench trial at which the parties testified, along with several experts regarding the value of Husband's medical practice and the parties' residential and business properties, the trial court issued a final judgment and decree of divorce. Wife's application for discretionary review of the trial court's award· of alimony, its equitable division of certain property, and its denial of her request for attorney fees was granted pursuant to this Court's Family Law Pilot Project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003). Finding no error, we affirm.

1. (a) Wife contends that the trial court failed to properly consider the factors set forth in OCGA § 19-6-5 (a)[1] in awarding her monthly alimony of $5,000 for the first year; $4,000 for the following two years; and $3,000 for the final year. Specifically, she challenges the trial court's finding that she is capable of updating her skills and reentering the work force, and its consideration of the parties' respective financial resources.

> "'In the appellate review of a bench trial, this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses.' (Cit.)" [Cit.] "Furthermore,

---

[1] This statute sets forth the following considerations in determining the amount of alimony: (1) the standard of living established during the marriage; (2) the duration of the marriage; (3) the age and the physical and emotional condition of both parties; (4) the financial resources of each party; (5) where applicable, the time necessary for either party to acquire sufficient education or training to find appropriate employment; (6) the contribution of each party to the marriage, including homemaking, child care, education and career building of the other party; (7) the financial condition of the parties; and (8) any other relevant factors.

since the clearly erroneous test is the same as the any evidence rule, we will not disturb factfindings of the trial court if there is any evidence to sustain them." [Cit.]

*LaFont v. Rouviere*, 283 Ga. 60, 61 (1) (656 SE2d 522) (2008). Here, there was evidence to support the trial court's finding regarding Wife's ability to work. As for the trial court's consideration of Wife's need for alimony and Husband's ability to pay,

"[i]n the absence of any mathematical formula, fact-finders are given a wide latitude in fixing the amount of alimony . . . and to this end they are to use their experience as enlightened persons in judging the amount necessary for support under the evidence as disclosed by the record and all the facts and circumstances of the case." . . . [Cit.]

*Arkwright v. Arkwright*, 284 Ga. 545, 546 (2) (a) (668 SE2d 709) (2008). Based on our review of the record, it cannot be said that the trial court abused its discretion in determining the amount of alimony awarded to Wife.

(b) Wife also argues that the reductions in alimony after the first and third years constitute improper future modifications that are not based on a change of circumstances, as required by OCGA § 19-6-19. However, because the alimony provision set forth in the trial court's order "state[s] the exact amount of each payment and the exact number of payments to be made without other limitations, conditions or statements of intent, the obligation is one for lump sum alimony payable in installments," *Winokur v. Winokur*, 258 Ga. 88, 90 (1) (365 SE2d 94) (1988), rather than periodic alimony.[2] Thus, OCGA § 19-6-19 does not apply. *Rivera v. Rivera*, 283 Ga. 547, 549 (661 SE2d 541) (2008) (lump sum alimony not subject to modification). It is within the trial court's discretion to establish an installment payment schedule for a lump sum alimony award that varies over time, see, e.g., *Shepherd v. Collins*, 283 Ga. 124, n. 2 (657 SE2d 197) (2008) (reversing finding of lump sum alimony on other grounds), and there was no abuse of such discretion here.

2. Wife argues that the trial court erred in its valuation of certain family loans, the marital residence, and the furnishings and jewelry

---

[2] At oral argument, counsel for Wife maintained that the trial court's consideration of the factors set forth in OCGA § 19-6-5 (a) necessarily established that the resulting award was one for periodic alimony. However, these factors are relevant for the determination of permanent alimony, whether periodic or lump sum. See, e.g., *Wood v. Wood*, 283 Ga. 8 (1) (a) (655 SE2d 611) (2008) (discussing consideration of OCGA § 19-6-5 (a) factors in context of lump sum alimony award).

in Wife's possession. Because there was evidence to support the trial court's factual findings on each of these issues, they will not be disturbed on appeal. *LaFont*, supra, 283 Ga. at 61 (1).

3. Wife maintains that the trial court erred in its equitable division of property by awarding to Husband the office condominium housing his medical practice. However, "[i]n equitable actions for divorce, the factfinder possesses broad discretion to distribute marital property to assure that property accumulated during the marriage is fairly divided between the parties. . . . [Cit.]" *Wood v. Wood*, 283 Ga. 8, 10 (3) (655 SE2d 611) (2008). Given the overall distribution of assets between the parties and the trial court's findings of fact specific to the office condominium, it cannot be said that the trial court abused its discretion in awarding the office condominium to Husband. See id. at 10-11.

4. Finally, Wife contends that the trial court erred by failing to award attorney fees to her.

> OCGA § 19-6-2 (a) (1) authorizes a trial court, after considering the financial circumstances of the parties, to exercise its discretion to award attorney fees to one party in order to "ensure effective representation of both spouses so that all issues can be fully and fairly resolved." . . . [Cit.]

*Wood*, supra, 283 Ga. at 11 (6). Here, the trial court found that both parties had utilized marital property to pay attorney fees. As noted in Division 1 (a), supra, the trial court did consider the respective financial conditions of the parties. There was no abuse of discretion in this regard.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 2009.

*Davis, Matthews & Quigley, Kurt A. Kegel, Kelly R. Webb*, for appellant.
*William R. Pike, Tyler J. Browning*, for appellee.