S11F0812. ROWDEN v. ROWDEN.

(717 SE2d 469)

MELTON, Justice.

Angela Rowden (Wife) and Gary Rowden (Husband) were divorced pursuant to a May 26, 2010 Final Decree. In the Final Decree, Wife was awarded primary physical custody of the parties' two minor children, and was also awarded child support. Husband appeals, contending that these rulings were in error. We affirm.

The record reveals that, during the trial, evidence was presented regarding both parents being fit to raise their children, but with each of them having an inability to communicate and cooperate effectively with each other with respect to matters involving their children. Evidence was also presented concerning Wife's salary of $200,000 as a medical doctor in 2009, but then having her salary reduced to

$80,000 after she lost several patients from her practice and had to accept a new medical position on February 1, 2010. Prior to trial, Wife's contract at her new employer was reduced to a $40,000 per year part-time position due to the insufficient amount of work that was being generated at the practice. Wife hoped to return to full-time employment in January or February of 2011 by rebuilding her practice, but, at the time of the trial, she was still working in her part-time position. Husband's income at the time of trial was $26,000 per year.

1. Husband contends that the trial court erred by granting primary custody of the parties' children to Wife.

> In a contest between parents over the custody of a child [or children], the trial court has a very broad discretion, looking always to the best interest of the child[ren], and may award the child[ren] to one even though the other may not be an unfit person to exercise custody or had not otherwise lost the right to custody. . . . Where in such a case the trial [court] has exercised [its] discretion, this court will not interfere unless the evidence shows a clear abuse thereof. . . . In a case such as this, it is the duty of the trial [court] to resolve the conflicts in the evidence, and where there is any evidence to support [the trial court's] finding it cannot be said by this court that there was an abuse of discretion on the part of the trial [court] in awarding custody of the minor child[ren] to the mother. [Cits.]

(Punctuation omitted.) *LaFont v. Rouviere*, 283 Ga. 60, 62 (2) (656 SE2d 522) (2008). See also OCGA § 19-9-3 (a) (3).

Here, there was evidence to support the trial court's conclusion that Wife should be awarded primary physical custody of the parties' children. Although both parents were fit and spent quality time with the children, Husband did not have a concrete childcare plan for the children, nor did he engage his children in age-appropriate activities with other children that could have assisted in their social development. Wife, on the other hand, got the children involved in summer camps, lived near her own parents (who could help her with the children), and, unlike Husband, planned social events for the children such as birthday parties. We find no abuse of discretion in the trial court's decision to award primary physical custody of the children to Wife. See *LaFont*, supra, 283 Ga. at 62 (2).

2. Husband complains that the trial court erred in determining the amount of his child support obligation. He does not contend that the trial court erred in determining the presumptive amount of child support under the child support guidelines (see OCGA § 19-6-15 (b)),

but that the trial court erred in failing to consider Wife's "willful underemployment" when making its child support determination (see OCGA § 19-6-15 (f) (4) (D)), and that the trial court erred by failing to abate his child support obligation or to award him child support in connection with the time that the children spend with him during the summer.

With respect to Husband's willful underemployment argument, the trial court specifically found in the Final Decree that Wife's "former medical practice" had ended with "disastrous financial consequences," which led to Wife having to file for bankruptcy. Wife did not intentionally try to reduce the size of her medical practice. Indeed, the record reveals that Wife's current position resulted from the continued struggles of her practice, and not from "occupational choices motivated only by an intent to avoid or reduce the payment of child support . . . [or] any intentional choice or act [on her part] that affect[ed her] income." Id. Moreover, even though Wife has had a drastic reduction in salary, her part-time position has also allowed her to spend more time with her children, which she testified was a "silver lining" with respect to her reduction in income. Thus, before making its final decision regarding child support, the trial court properly "ascertain[ed] the reasons for [Wife's] occupational choices and assess[ed] the reasonableness of these choices in light of [Wife's] responsibility to support . . . her child[ren] and whether such choices benefit[ted] the child[ren]." Id.

Furthermore, Husband's argument that the trial court abused its discretion by failing to abate his child support obligation or award him child support during summer visitation is without merit. Although "[t]he legislature [has] not specif[ied] that only non-custodial parents are to pay child support" (*James v. James*, 246 Ga. 233 (271 SE2d 151) (1980)), a trial court is not obligated to abate child support obligations for a non-custodial parent during times of visitation. *Atkins v. Zachary*, 243 Ga. 453, 454 (254 SE2d 837) (1979) ("Unless a court order provides that child support payments are to abate while minor children are visiting with their father, such child support payments do not abate") (citation omitted). Here, Husband has presented no evidence that a deviation from the presumptive amount of child support was in the children's best interests or that application of the child support guidelines was somehow unjust. OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B). Indeed, his child support obligation is consistent with his level of income, and the fact that Husband currently makes less money than Wife does not amount to a showing that the presumptive amount of child support is unjust or that abating his child support obligation would automatically serve the *children's* best interests. See *Atkins*, supra, 243 Ga. at 454 (where father was able to fully pay child support, he had no right to

withhold child support payments to mother for time that children spent with him, and trial court should have held father in contempt for doing so). Husband has made no showing that, nor does the record reveal that, in the best interests of the children, the trial court was somehow required to abate his child support obligation during summer visitation or award child support to him.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2011.

*Duffy & Feemster, Dwight T. Feemster*, for appellant.
*Howard & Whatley, Molly M. Howard*, for appellee.