302 Ga. 139
FINAL COPY

S17A0688. PROVENZANO v. JONES.

BOGGS, Justice.

We granted the application for discretionary appeal filed by Lori Provenzano (Wife) to consider whether the trial court erred in its ruling on the petition to modify alimony filed by Forrest Scott Jones (Husband) pursuant to Georgia's "live-in lover" law, OCGA § 19-6-19 (b).[1] For the reasons below, we affirm the trial court's ruling.

The record reveals that Husband and Wife were divorced in April 2014. Pursuant to the final decree, Husband was to pay Wife alimony of $3,000 per month for sixty months and one-third of any net bonuses or commissions earned by Husband through his employment during that period. On January 25, 2016, Husband filed a petition for modification of alimony pursuant to OCGA § 19-6-

---

[1] We note that, because Wife filed her application and notice of appeal prior to the January 1, 2017 effective date of the Appellate Jurisdiction Reform Act, this Court — not the Court of Appeals — has jurisdiction over this case. See Ga. L. 2016, p. 883, §§ 3-1, 6-1 (c) (as of effective date, shifting subject matter jurisdiction over "[a]ll divorce and alimony cases" from this Court to the Court of Appeals).

19 (b) on the ground that Wife had voluntarily cohabited with her boyfriend "since at least the second half of 2014."[2] Following a hearing on June 27, 2016, the trial court found that Wife was admittedly in a meretricious relationship that was continuing, and reduced Husband's alimony obligation to $2,000 per month for the remaining term of the payment. We granted Wife's application for discretionary appeal posing the following question:

> Did the trial court err in concluding that Wife was voluntarily cohabitating with a third party in a meretricious relationship after she obtained a separate apartment from her boyfriend but allegedly maintained an intimate relationship with the boyfriend?

"We review the trial court's decision in a modification action for abuse of discretion and will not set aside the trial court's factual findings unless they are clearly erroneous." (Citations and punctuation omitted.) Strunk v. Strunk, 294 Ga. 280, 281 (1) (754 SE2d 1) (2013).

OCGA § 19-6-19 (b) provides:

> Subsequent to a final judgment of divorce awarding periodic payment of alimony for the support of a spouse, the voluntary cohabitation of such former spouse with a third party in a meretricious relationship shall also be grounds to modify provisions

---

[2] Husband originally filed his petition on November 4, 2015 in Harris County, Texas where Wife resided, but he dismissed the petition there and filed a petition in Fulton County Superior Court that was consolidated with Wife's pending motion for contempt.

made for periodic payments of permanent alimony for the support of the former spouse. As used in this subsection, the word "cohabitation" means dwelling together continuously and openly in a meretricious relationship with another person, regardless of the sex of the other person. In the event the petitioner does not prevail in the petition for modification on the ground set forth in this subsection, the petitioner shall be liable for reasonable attorney's fees incurred by the respondent for the defense of the action.

In Hathcock v. Hathcock, 249 Ga. 74 (287 SE2d 19) (1982), we held that dwelling together continuously and openly in a relationship similar to marriage includes "either sexual intercourse or the sharing of living expenses." Id. at 76 (3).

During the bench trial, Wife testified that prior to the divorce she moved to Houston, Texas, and about a month after the divorce was final, she had a surgical procedure performed. She explained that when her lease expired in August 2014, she moved in with her boyfriend and lived with him until September 10, 2015, and that her motive for doing so "was to reduce my cost as much as possible out of fear that I was not going to be able to pay my bills." Evidence was presented that Wife and her boyfriend shared expenses while residing together, and that their relationship had been sexual even prior to her moving in with him.

3

Husband discovered that Wife was residing with her boyfriend in September 2015. Wife testified that she moved out of the residence on September 10, 2015, and rented her own apartment with the lease commencing on October 1, 2015. Although Wife testified that her relationship with the boyfriend ended when she moved out of his residence on September 10, she admitted that they "were sexual" between January and April of 2016.

Wife argues on appeal that the court misapplied the cohabitation requirement by allowing a prior cohabitation to form the basis for modifying future alimony obligations. She asserts that she is living alone and had been doing so for several months prior to Husband's filing of the modification action in Georgia. Wife argues further that there was no showing that she and the boyfriend were dwelling openly and that she took steps to keep her living arrangements private and concealed her whereabouts from Husband. But OCGA § 19-6-19 (b) does not apply only to those instances where cohabitation is occurring when the modification action is filed. Rather it applies to voluntary cohabitation that occurs "subsequent to a final judgment of divorce awarding periodic payment of alimony," without any such limitation as that proposed by Wife. And although Wife argues that she took steps to keep her living

4

arrangements private, the record establishes only that she attempted to conceal her whereabouts from Husband.

We give "due deference to the opportunity of the trial court to judge the credibility of the witnesses." (Citations and punctuation omitted.) Patel v. Patel, 285 Ga. 391, 391 (1) (a) (677 SE2d 114) (2009). The record here supports the trial court's finding that Wife had voluntarily cohabited in "a meretricious relationship with a third party. [Wife] admitted the sexual nature of the relationship and that she shared a household and related expenses with the third[ ]party." Accordingly, the trial court did not abuse its discretion in its ruling on Husband's petition to modify alimony.

Judgment affirmed. All the Justices concur.


Decided October 2, 2017.

Domestic relations. Fulton Superior Court. Before Judge Markle.

Meriwether & Tharp, David J. Beaudry, Joann Brown Williams, Robin K. Love, for appellant.

Bovis, Kyle, Burch & Medlin, Charles M. Medlin, Erica F. Byrd, Winfield L. Pollidore, for appellee.